Mary L. McKEE, Plaintiff-Appellant,

v.

McDONNELL DOUGLAS TECHNICAL SERVICES COMPANY, INC., A Corporation, Defendant-Appellee.

No. 81–2406.

United States Court of Appeals, Fifth Circuit.

May 26, 1983.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Gerald T. Holtzman, Houston, Tex., for defendant-appellee.

Before RUBIN, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that, because the panel opinion did not deal specifically with the consideration to be given on remand to the issuance of a right-to-sue letter, it is amended to substitute for the paragraph beginning "On remand the district judge," 700 F.2d at 265–66, the following:

The record indicates that, at the time of the grant of summary judgment, 180 days had elapsed from the time McKee filed her

EEOC charge[1] and she could by then have obtained a right-to-sue letter. We do not intimate that she may proceed with a suit if she has never obtained a right-to-sue letter, nor do we suggest that the district judge would err in refusing to let McKee proceed without one. However, the order granting summary judgment against her and dismissing the case for want of jurisdiction mentioned only her failure to file a charge as its grounds.[2]

On remand, the district judge may conclude that McKee's 1979 visit to the EEOC did not toll the filing requirement. If so, then he may dismiss the suit, not for want of jurisdiction, but for failure to meet the requisites for relief under the statute. On the other hand, he may conclude that the visit and the actions of the EEOC staff tolled the filing requirement. If he does, and if McKee has obtained a right-to-sue letter,[3] she should be entitled to proceed with her Title VII claim as if her charge had been accepted by the EEOC when she appeared at its office in April 1979. If she has not obtained a right-to-sue letter, then the suit may be subject to dismissal for failure to comply with the statutory prescription.

We vacate the summary judgment because, at the time the trial judge granted it, he and all of the parties were aware that McKee had in fact filed a charge with the EEOC, and yet he granted summary judgment based on her failure to have done so. Her failure formally to amend her complaint to assert that fact neither obliterated the event nor authorized the judge to ignore it. The district court's grant of summary judgment, requiring the assertion of the claim in a separate suit, could prejudice McKee by permitting the argument that some or all of her claim has been extinguished. *See generally Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir.1983) (en banc).

The petition for rehearing is DENIED. No member of the panel nor Judge in regular active service of this court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for Rehearing En Banc is DENIED.

E. GRADY JOLLY, Circuit Judge, dissents for the reasons previously assigned. *See* 700 F.2d at 266–68.

---

1. McKee filed a formal charge on June 13, 1980. The district judge granted summary judgment on February 3, 1981.

2. We have held that receipt of a right-to-sue letter is not jurisdictional but a condition precedent subject to equitable modification. *Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1215–19 (5th Cir.1982) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); see *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091 (4th Cir.1982).

3. The lapse of time since the filing of the charge does not necessarily preclude McKee from now securing a right-to-sue letter. *See Whitehead v. Reliance Insur. Co.,* 632 F.2d 452 (5th Cir.1980).