Jennifer ECKERDT, Appellant,

v.

FROSTEX FOODS, INC., Appellee.

No. 3–89–229–CV.

Court of Appeals of Texas, Austin.

Dec. 19, 1990.

Chris Hanger, Austin, for appellant.

Christopher Knepp, Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

Appellant Jennifer Eckerdt appeals the district court's order dismissing her suit against appellee Frostex Foods, Inc., for want of jurisdiction. Appellant filed suit in the district court alleging that appellee engaged in sexually discriminatory employment practices in violation of the Texas Commission on Human Rights Act, 1983 Tex.Gen.Laws, 1st C.S., ch. 7, §§ 1.01–10.-01, 10.04, 10.05, at 37 [Tex.Rev.Civ.Stat. art. 5221k, since amended] (the Act).

In her petition, appellant alleged that she had met all conditions precedent to jurisdiction under § 7.01 of the Act: (1) she filed a charge of sex discrimination with the Austin Human Relations Commission on April 20, 1987; (2) she received the notice of right to sue from the Texas Commission on Human Rights on December 10, 1988; and (3) she brought suit within 60 days of receiving the right-to-sue letter.[1]

Appellee filed a plea to the jurisdiction, claiming that appellant did not meet the requirement of § 7.01 that she bring suit

---

1. Article 4 of the Commission on Human Rights Act empowers political subdivisions to create local commissions to promote the purposes of the Act; a local commission may refer a matter under its jurisdiction to the state commission.

within one year of filing a charge with the commission. Appellant filed her petition in the district court on January 6, 1989.

 At the outset, appellee moves this Court to strike the statement of facts on the ground that it contains only the argument of counsel. We agree that the attorneys' unsworn statements before the trial court are not evidence. *Tex–Jersey Oil Corporation v. Beck*, 157 Tex. 541, 305 S.W.2d 162 (1957); *Warren Petroleum Corporation v. Pyeatt*, 275 S.W.2d 216 (Tex.Civ.App.1955, writ ref'd n.r.e.); *see* Tex.R.Evid.Ann. 603 (Supp.1990); *Pope v. American National Insurance Co.*, 443 S.W.2d 377 (Tex.Civ.App.1969, writ ref'd n.r.e.) (rule that unchallenged factual statement in brief may be considered correct does not apply to statement made in oral argument in trial court). However, anything occurring in open court that is reported and so certified by the court reporter may be included in the statement of facts. Tex.R.App.P.Ann. 52(c)(10) (Supp.1990). Rather than strike the statement of facts, we will not consider any statement of counsel transcribed therein as evidence. We overrule appellee's motion.

In a single point of error on appeal, appellant contends that the statute denies her due process by permitting a dismissal when she failed to sue within one year because the commission tardily issued her right-to-sue letter. The Commission on Human Rights Act sets out certain time limits for obtaining relief from unlawful employment practices. First, a complainant must file a charge with the commission within 180 days of the alleged unlawful practice. Act § 6.01. If the commission has not filed a civil suit within 180 days after the complaint is filed, it must notify the complainant in writing. Act § 7.01(a). Next, within 60 days of receiving the notice of right to sue from the commission, the complainant may bring a civil action against the party named in the charge. *Id.* Lastly, the complainant must bring the civil action within one year after filing the charge with the commission. *Id.*

This Court has recently held that the one-year limit for filing suit is mandatory and jurisdictional. Further, this Court stated that the Commission's failure timely to send notice of the right to sue does not excuse the mandatory requirement or toll the running of the one-year time period. *Green v. Aluminum Co. of America*, 760 S.W.2d 378 (Tex.App.1988, no writ). Because this Court did not address a due process claim in *Green*, we will look further at the statute in the present case.

The Act provides in § 1.03 that it shall be construed according to the fair import of its terms. The text of the section at issue here, as it existed when the unlawful acts allegedly occurred, provides:

> If the complaint filed with the commission pursuant to Section 6.01 of this Act is dismissed by the commission, or if within 180 days after the date of filing of the complaint the commission has not filed a civil action under this section or has not successfully negotiated a conciliation agreement between the complainant and respondent, the commission shall so notify the complainant in writing by certified mail. Within 60 days after the date of receipt of the notice, a civil action may be brought by the complainant against the respondent named in the charge.... In no event may any action be brought pursuant to this article more than one year after the date of filing of the complaint to which the action relates.

Act § 7.01(a).

 The language of this section states simply that a complainant may bring suit within 60 days of receiving notice from the commission. It nowhere requires that a complainant receive a right-to-sue letter before filing suit or refers to such letter in jurisdictional terms. However, the language mandates that suit be brought within one year of filing a charge with the commission. This Court may not deviate from the plain meaning of a statute. *Republicbank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605 (Tex.1985); *Empire Gas & Fuel Co. v. State*, 121 Tex. 138, 47 S.W.2d 265 (1932). According to the fair import of the terms of § 7.01(a), appellant was not required to wait for the commission to notify her of the right to sue, but she was

required to abide by the one-year limit in filing suit.[2]

■ If further guidance is necessary, we have examined the Act's federal counterpart, Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e–17 (1988), which concerns employment discrimination due to race, sex, or national origin. The Texas act states that its purposes include implementing the policies embodied in Title VII and creating an authority that meets the criteria under § 2000e–5(c), which provides the procedure for filing employment discrimination complaints under § 2000e when there is a state law concerning employment discrimination. Act § 1.02(1). The Texas act further provides that it shall be administered so that the Texas Commission on Human Rights will qualify under federal law as a deferral agency and as a recipient for federal funds. Act § 10.05. The stated purposes of the Texas act suggest that the state legislature intended it to conform to the policies contained in the federal act; therefore, we may consider how the federal act is implemented under clauses similar to those at issue in the Texas act. *See Schroeder v. Texas Iron Works, Inc.*, 769 S.W.2d 625 (Tex.App.1989, writ granted).

The relevant language of § 7.01(a) closely follows the language of § 2000e–5(f)(1), except that the latter section does not contain an overall time limit for bringing suit such as the one-year limit of the Texas statute. The Court of Appeals for the Fifth Circuit has held that under the federal act, receipt of a right-to-sue letter is not a jurisdictional prerequisite, but is a condition precedent subject to equitable modification. *Pinkard v. Pullman–Standard*, 678 F.2d 1211 (1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247 (1984); *McKee v. McDonnell Douglas Technical Services Company, Inc.*, 705 F.2d 776 (1983) (opinion on rehearing). This condition precedent is satisfied by receipt of the notice after suit is filed, but while it is pending. The Court stated in both *Pinkard* and *McKee* that under § 2000e–5(f)(1), a complainant has a right to obtain a letter on request when 180 days have passed since filing a complaint with the federal commission. Both cases were decided before the Texas act was adopted; given the similar language of § 7.01(a) and § 2000e–5(f)(1) and the purposes of the Texas act, we consider cases construing the federal statute as persuasive authority. *Blackmon v. Hansen*, 169 S.W.2d 962 (Tex. 1943); *Zauber v. Murray Sav. Ass'n*, 591 S.W.2d 932 (Tex.Civ.App.1979), writ ref'd n.r.e., 601 S.W.2d 940 (Tex.1980).

We conclude, after considering the language of the Texas statute and the operation of the similar federal statute, that appellant was not required to wait for the Texas Human Rights Commission to issue her right-to-sue letter before bringing suit. The dismissal of appellant's case was due to her failure to sue within the one-year deadline rather than from a procedural flaw in the Act. Because the Texas statute did not deny appellant due process, the trial court properly granted appellee's plea to the jurisdiction.

By cross-point, appellee asserts that the appeal is frivolous and requests damages under Tex.R.App.P.Ann. 84 (Supp.1990). We decline to award damages.

We affirm the judgment of the trial court.

---

**2.** The 1989 amendments to the Act added subsection (i) to § 7.01, which provides that the commission's failure to issue notice of the complainant's right to sue does not affect the complainant's right under subsection (a) to bring a civil action against the respondent. 1989 Tex. Gen.Laws, ch. 1186, § 19, at 4831.