Joseph A. HANSLER, Appellant,

v.

Tony MAINKA, et al., Appellee.

No. 13–90–294–CV.

Court of Appeals of Texas, Corpus Christi.

March 14, 1991.

**4**

Michael Williams, Corpus Christi, for appellant.

Robert W. Johnson, Jr., Mathews & Branscomb, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Joseph A. Hansler, sued appellees, AM Corporation, and its president, Tony Mainka, for conversion. After a bench trial, the trial court entered a take-nothing judgment favorable to appellees. The trial court found, among other things, that limitations barred Hansler's suit. On appeal, Hansler challenges the judgment in

1. The "LEASE AGREEMENT" shows ATM Corporation and Tony Mainka as Lessees. Hansler's "ORIGINAL PETITION" and two amended

three points of error, and appellees raise one cross-point of error. We affirm the trial court's judgment.

Pursuant to a "LEASE AGREEMENT" dated February 22, 1983, Hansler and Automated Services, Inc., leased to Mainka and ATM Corporation [1] the personal property and certain locations connected with a vending business. Hansler testified that on August 12, 1986, he learned that Mainka had sold the vending business to Coca-Cola. On August 8, 1988, Hansler filed a *pro se* petition, alleging that between August 8, 1986, and August 15, 1986, Mainka and AM Corporation delivered the leased property and customer service locations to third parties. Hansler claims that this conduct constitutes conversion. Mainka and ATM Corporation answered the suit, asserting limitations as an affirmative defense.

By point one, appellant Hansler complains that no evidence supports the trial court's holding that limitations barred his cause of action. In considering a "no evidence," "insufficient evidence" or "against the great weight and preponderance of the evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

The established rule is that filing a suit will not toll the running of the statute of limitations. To effectively interrupt the statute of limitations, a plaintiff must file suit within the limitations period and continuously exercise due diligence in procuring the issuance and service of citation. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889,

petitions show AM Corporation and Tony Mainka as Lessees.

890 (Tex.1975); *Rigo Manufacturing Co., v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970); *Walker v. Hanes,* 570 S.W.2d 534, 539 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). When a plaintiff files suit within the limitations period, but fails to serve the defendant until after the statutory period has expired, the date of service may relate back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990); *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.—Corpus Christi 1990, no writ).

■ The standard of diligence required is "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ.App.—Amarillo 1980, no writ). The existence of diligence is usually a question of fact, but if no excuse is offered, or if the lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as a matter of law. *Valdez v. Charles Orsinger Buick Co.,* 715 S.W.2d 126, 127 (Tex.App.—Texarkana 1986, no writ); *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App. —Fort Worth 1984, writ ref'd n.r.e.).

In the instant case, Hansler's "ORIGINAL PETITION" and his two amended petitions allege that appellees converted the property and customer service locations between August 8, 1986, and August 15, 1986. Interrogatory No. 23 requested Hansler to state when each act of conversion occurred. Hansler answered, "Most of Defendant's conduct was engaged on or about August 25, 1986." Further, Hansler testified that he filed his suit right at two years from when the underlying events occurred. Thus, appellees showed that Hansler's cause of action accrued between August 8, 1986, and August 25, 1986.

■ A defendant who asserts the running of limitations as a bar to a cause of action bears the burden of showing that limitations barred the suit. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 412 (Tex.App.—Corpus Christi 1988, no writ). To sustain a judgment on the grounds that an action was not served within the applicable limitations period, the party asserting limitations must show that diligence was not used to effectuate service. *Gant,* 786 S.W.2d at 260; *Zale,* 520 S.W.2d at 891. A two-year statute of limitations governs a conversion action. *First National Bank v. Nu–Way Transports, Inc.,* 585 S.W.2d 813, 815 (Tex.Civ.App.— Fort Worth 1979, writ ref'd n.r.e.); Tex.Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986).

■ Even though Hansler filed suit on August 8, 1988, which was within the period of limitations, he did not cause the issuance of citation for personal service until February 1, 1989, over five months after the running of limitations. When appellees' counsel asked him why he waited until February, 1989, to issue citation, he said, "[I]f something was supposed to have been done then and I didn't do it, it probably was because of lack of funds at the time." When he filed the lawsuit, however, he paid the filing fee. He did not recall whether he requested service at the time he filed his suit. He also did not recall whether he paid the fee covering service costs. Mainka was not served until April of 1989.

The record is void of any evidence showing that Hansler used due diligence in issuing service of citation on Mainka. We hold that an unexplained delay of five months after the expiration of the statute of limitations is, as a matter of law, not due diligence in procuring issuance and service of citation. *See Allen v. Bentley Laboratories, Inc.,* 538 S.W.2d 857 (Tex.Civ.App.— San Antonio 1976, writ ref'd n.r.e.) (six months between filing and service); *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.— Waco 1939, writ ref'd) (three and three-fourths months between filing and issuance of citation and one month between issuance and service). Accordingly, the two-year statute of limitations bars Hansler's suit. We need not address Hansler's remaining two points. Tex.R.App.P. 90(a).

By a single cross-point, appellees contend that they are entitled to damages pursuant to Rule 84 of the Texas Rules of Appellate

Procedure. Rule 84 provides, in relevant part:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant....

After examining the record along with Hansler's points of error and supporting arguments and authorities, we cannot determine that he took this appeal "for delay and without sufficient cause." We overrule appellees' cross-point and deny the request for sanctions.

The trial court's judgment is AFFIRMED.