San Juana GONZALEZ,
et al., Appellants,

v.

PHOENIX FROZEN FOODS, INC.
and Robert Fletcher, Appellees.

No. 13–92–691–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 6, 1994.

---

Aaron Pena, Jr., Edinburg, for appellants.

Dale Kasofsky, R.E. Lopez, Jr., Hirsch, Glover, Robinson & Sheiness, Brownsville, for appellees.

Before GILBERTO HINOJOSA, FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellants, San Juana Gonzalez, et al., appeal the trial court's granting of a motion for summary judgment based on statute of limitations grounds. By a single point of error, appellants argue that the summary judgment against them was in error since they raised issues of material fact as to the exercise of due diligence in serving appellees with a citation. We affirm.

This is a personal injury case. On September 8, 1989, San Juana Gonzalez and her fellow workers were exposed to chemicals at their place of employment, Phoenix Frozen Foods, Inc. Gonzalez claimed that she sustained injuries as a result of coming into contact with the hazardous chemicals. She and her husband, Rene Gonzalez, filed a petition against Phoenix on September 19, 1989. On November 30, 1990, they amended their original petition by adding 34 new plaintiffs and two new defendants, Robert Fletcher and Value Frozen Foods, Inc. Appellees were not served with the amended original petition at this time. Not until February 5, 1992 did appellants request the Clerk of the Court to issue citations upon appellees.

Appellees moved for summary judgment against the 34 new plaintiffs and against the Gonzalezes' as to their claims against the additional defendants on the ground that their action was barred by the two-year statute of limitations.[1] Appellants filed suit within the two-year limitations period but failed to serve appellees with the amended original petition until approximately five months after the limitations period had run and more than fourteen months after the amended petition was filed. The trial court

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986).

granted appellees' motion for summary judgment and severed this matter from the remaining cause of action between the Gonzalezes and Phoenix.

By their sole point of error, the appellants assert that the trial court erred in granting summary judgment against them since material fact issues exist. Appellants first argue that appellees made certain appearances and thus waived any defects in service. Additionally, appellants argue that they submitted summary judgment evidence which raised material fact issues concerning the exercise of due diligence effecting service of process.

■ To be entitled to summary judgment on the basis of an affirmative defense such as limitations, the movant must conclusively prove all elements of the defense as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Garza v. Smith,* 860 S.W.2d 631, 634 (Tex.App.—Corpus Christi 1993, no writ). The movant must show that there are no genuine issues of material fact remaining. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ The burden is on the movant to establish as a matter of law that limitations is a bar to the action. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). If a movant establishes that the statute of limitations bars the action as a matter of law, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Palmer,* 728 S.W.2d at 435.

■ A defendant's appearance in open court shall have the same force and effect as if the citation had been duly issued and served as provided by law. Tex.R.Civ.P. 120. A defendant's answer constitutes an appearance so as to dispense with the necessity for the issuance or service of citation upon him. Tex.R.Civ.P. 121.

■ Appellants contend that appellees made several appearances within the limitations period, thereby waiving any service defects, by filing special exceptions and a first amended original answer and by making a personal court appearance. However, these appearances were related to Phoenix's suit with the Gonzalezes only and were not connected with the suit filed by the additional parties. The documents filed by Phoenix's counsel indicate counsel had no notice of the amended original petition which added new plaintiffs and defendants. The documents clearly state, in the style of the case, that the parties were the Gonzalezes versus Phoenix. Additionally, the documents show that Phoenix was the only party responding since they each stated, "COMES NOW PHOENIX FROZEN FOODS, INC., Defendant ... files" the respective documents. Moreover, the special exceptions made corresponded to the Gonzalezes' original petition and not to the paragraphs in their amended petition. Hence, Phoenix's counsel had no notice of the amended petition and was unaware of any new parties to the suit. Any appearance counsel made was in connection with Phoenix's suit with the Gonzalezes. Therefore, appellees did not waive service of process.

■ Appellants next argue that their counsel exercised due diligence in procuring service and that whether due diligence was shown is a fact issue to be decided by the jury. The established rule is that filing of a suit will not toll the statute of limitations. *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970); *Hansler v. Mainka,* 807 S.W.2d 3, 4 (Tex.App.—Corpus Christi 1991, no writ). To toll the statute of limitations, a plaintiff must not only file suit within the limitations period, but must also exercise due diligence in procuring the issuance and service of citation. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990); *Zale Corp.,* 520 S.W.2d at 890; *Hansler,* 807 S.W.2d at 4. When a plaintiff files suit within the limitations period, but fails to serve the defendant until after the statutory period has expired, the date of service may relate back to the date of filing if the plaintiff exercised due diligence in effect-

ing service. *Gant,* 786 S.W.2d at 260; *Hansler,* 807 S.W.2d at 5.

■ The required standard of diligence is "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ.App.—Amarillo 1980, no writ) (quoting *McDonald v. Evans,* 217 S.W.2d 870, 871 (Tex.Civ.App.—Amarillo 1949, no writ)). The existence of diligence is generally a question of fact, but if no excuse is offered, or if the time lapses and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as a matter of law. *Hansler,* 807 S.W.2d at 5.

■ Appellants filed their amended petition within the limitations period but failed to request issuance of citation until five months after the statute had run and fourteen months after the filing of the amended petition. As evidence of due diligence, appellants submitted the affidavits of their attorney, Aaron Pena, Jr., and Pete Rivera, a process server.

Rivera stated that on November 30, 1990, appellants' counsel instructed him to serve appellees with the amended petition and thereafter spoke to him on several occasions about effectuating service, to which Rivera responded that "the matter was taken care of." He further stated that he withheld service because of his confusion over the method of payment for his services.

■ The contents of Pena's affidavit were similar to Rivera's. However, counsel's affidavit was not notarized. Without a jurat or authorization from an officer authorized to administer oaths, the statement is not an affidavit and is not competent summary judg-

ment proof. *Tucker v. Atlantic Richfield Co.,* 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied). Absence of a jurat is substantive and not a purely formal defect which can be waived by the failure of bringing it to the trial court's attention. *Id.*

Nevertheless, even if counsel's affidavit was proper proof, we find that the summary judgment evidence is insufficient to raise a genuine issue of material fact. Pena's misplaced reliance on his process server did not constitute due diligence. It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. Tex.R.Civ.P. 99(a); *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, —— (1994). Any deficiency in the server's performance is imputed to Pena. Had Pena been diligent, he would have noticed that appellees had not filed an answer for over fourteen months after he filed the amended petition. Also, he could have easily checked with the court clerk to verify service upon appellees.

We hold that mere reliance on a process server and a delay of five months after the expiration of the statute of limitations do not, as a matter of law, constitute due diligence in procuring issuance and service of citation. Accordingly, the two-year statute of limitations bars the cause of action and the granting of summary judgment was proper. Appellants' sole point of error is overruled.

The judgment of the trial court is affirmed.