NUMBER 13-99-368-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PAMELA ROBERTS
, Appellant,


v.



PADRE ISLAND BREWING CO., INC.
, Appellee.

___________________________________________________________________


On appeal from the 103rd District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant Pamela Roberts appeals the dismissal of an employment
discrimination claim. By two points of error, she contends the trial
court erred by (1) dismissing her claim because she was diligent in
procuring service upon appellee and (2) refusing to provide findings of
fact and conclusions of law. We affirm. 

 Appellee Padre Island Brewing Company, Inc., terminated
appellant during her pregnancy on June 26, 1998. Pursuant to section
21.202 of the Texas Labor Code, appellant filed a charge with the Texas
Commission on Human Rights through the Equal Employment
Opportunity Commission (EEOC) within 180 days after the date of
termination. See Tex Lab. Code Ann. § 21.202 (Vernon 1993). Appellant
alleged she was terminated in violation of the Texas Commission of
Human Rights Act (TCHRA) as a result of her pregnancy. See Tex. Lab.
Code Ann. §§ 21.001- 21.556 (Vernon 1993) (codification of Texas
Commission of Human Rights Act). On September 16, 1998, the
Commission issued a Notice of Right to File a Civil Action, advising
appellant that, pursuant to section 21.254 of the Texas Labor Code, she
had sixty days from the receipt of the notice to file a civil action. See
Tex. Lab. Code Ann. § 21.254 (Vernon 1993). Appellant filed a complaint
in district court on October 27, 1998, but did not serve appellee with
citation until January 22, 1999, some sixty-eight days after the
expiration of the sixty day period. The trial court granted appellee's
motion to dismiss after finding appellant failed to use due diligence to
timely serve appellee within the statute of limitations set forth by the
TCHRA. 

 In her first issue, appellant contends the trial court improperly
dismissed her claim because she continuously exercised diligence in
attempting service from the time she filed her civil action until she
ultimately served appellee. The standard of appellate review of a
dismissal is to inquire whether the trial court abused its discretion. 
Mercure Co., N.V. v. Rowland, 715 S.W.2d 677, 680 (Tex.
App.­Houston [1st Dist.] 1986, no writ). The scope of appellate review
is limited to the arguments raised in the motion to dismiss. Id. at 680-81 (citing Country Cupboard, Inc. v. Texstar Corp., 570 S.W.2d 70, 75
(Tex. Civ. App.­Dallas 1978, writ ref'd n.r.e.)). To prevail on appeal,
appellant must show a clear abuse of discretion on the trial court's
order granting appellee's motion to dismiss. Id. at 681. A party moving
to dismiss a suit based on the grounds that the petition was filed but
not served within the applicable period of limitations must establish that
ground as a matter of law. See Zale Corp. v. Rosenbaum, 520 S.W.2d
889, 890 (Tex. 1975) (per curiam). If the movant meets this burden, the
non-movant must then raise a material fact issue regarding limitations;
specifically, whether due diligence was used to procure issuance and
service of citation outside the limitations period. See Murray v. San
Jacinto Agency Inc., 800 S.W.2d 826, 830 (Tex. 1990); Gonzalez v.
Phoenix Frozen Foods, Inc., 884 S.W.2d 587, 589 (Tex. App--Corpus
Christi 1994, no writ). 

 The Commission on Human Rights Act sets forth certain time
limits for obtaining relief from unlawful employment practices. First, a
complainant must file a charge with the commission within 180 days
from the alleged unlawful practice. See Tex. Lab. Code Ann. § 21.202
(Vernon 1993); Eckerdt v. Frostex Foods, Inc., 802 S.W.2d 70, 71 (Tex.
App.­Austin 1990, no writ). If the commission has not filed a civil suit
within 180 days after the complaint is filed, it must notify the
complainant in writing. See Tex. Lab. Code Ann. § 21.208 (Vernon 1993);
Eckerdt, 802 S.W.2d at 71. Next, if the Commission's notice advises
the complainant of a right to sue, the complainant may bring a civil
action against the party named in the charge within sixty days of
receipt of the notice. See Tex. Lab. Code Ann. § 21.254 (Vernon 1993);
Eckerdt, 802 S.W.2d at 71. Finally, the complainant must bring the civil
action within two years after filing the charge with the commission. 
See Tex. Lab. Code Ann. § 21.256 (Vernon 1995); see also Eckerdt, 802
S.W.2d at 71.(1) 

 Before we can address the issue of appellant's diligence, we must
determine whether appellant served process within the period of
limitations. From a reading of the act, appellant had either sixty days
from the receipt of the notice or two years from the date of filing her
charge of discrimination to serve citation upon appellee. Neither this
Court nor the Texas Supreme Court have determined which period is
controlling for purposes of limitations. When Texas case law fails to
address questions raised under the TCHRA, we look to federal case law
for guidance. Guerrero v. Refugio County, 946 S.W.2d 558, 566 (Tex.
App.­Corpus Christi 1997, no writ); Benavides v. Moore, 848 S.W.2d
190, 193 (Tex. App.­Corpus Christi 1992, writ denied); see also
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485-86 (Tex.
1991). 

 The legislature modeled the Texas Commission on Human Rights
Act (TCHRA) after Title VII of the Civil Rights Act of 1964. See 42 U.S.C.
§ 2000e. Pursuant to Title VII, a plaintiff has ninety days to bring suit
after receipt of the EEOC's right to file suit letter. See 42 U.S.C. §
2000e-5. Federal courts have consistently treated this ninety day period
as a period of limitations. See e.g., Sanders v. Venture Stores, Inc., 56
F.3d 771, 775 (7th Cir. 1995); Early v. Bankers Life and Casualty Co.,
959 F.2d 75, 80 (7th Cir. 1992); Porter v. Beaumont Enterprise and
Journal, 743 F.2d 269, 272 (5th Cir. 1984). Furthermore, one of our
sister courts has held that the sixty day period set forth in section
21.254 of the labor code is the applicable period of limitations in
employment discrimination cases. See Sibley v. Kaiser Foundation
Health Plan of Texas, 998 S.W.2d 399, 405 (Tex. App.­Texarkana 1999,
no pet.) (in action for employment discrimination, compliance with sixty
day limitations period requires service upon defendant within that
period).

 Likewise, we conclude that the sixty day period, under section
21.254 of the Texas Labor Code, is the applicable period of limitations
for the purpose of service of process. 

 In the present case, after receiving her Notice of Right to File a Civil
Action on September 16, 1998, appellant filed suit on October 27, 1998. 
Appellant served appellee on January 22, 1999, one hundred twenty
eight days from the date of correspondence of her right to sue letter,(2)
or sixty-eight days after the sixty day limitations period had run. 
Therefore, service was not accomplished within the applicable statute
of limitations. In fact, more than two times the limitations period
expired before appellant served appellant.

 Service of citation outside the limitations period may be given
effect only if the plaintiff exercised due diligence in procuring issuance
and service of citation upon the defendant. Gant v. DeLeon, 786
S.W.2d 259, 260 (Tex. 1990) (per curiam); Zale Corp., 520 S.W.2d at
890. Thus, when a plaintiff files suit within the limitations period, but
does not serve the defendant until after the statutory period has
expired, the date of service relates back to the date of filing only if the
plaintiff continuously exercised due diligence in effecting service of
citation upon the defendant. Gant, 786 S.W.2d at 260; Zale Corp., 520
S.W.2d at 890; Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App.­Corpus
Christi 1991, no writ). 

In this case, appellant's counsel hired a local process server, Jaime
Munizez, who was recommended by the Cameron County District
Clerk's office. Munizez never served appellee; another individual
ultimately achieved service. Appellant argues that although she served
the defendant after the period of limitation had run, such service should
relate back to the date of her original petition because she exercised
diligence by repeatedly attempting to contact Munizez as well as the
Cameron County Clerk's office to inquire about the status of service. 
We conclude, however, that appellant's acts do not constitute due
diligence because it is the responsibility of the person requesting
service, and not the process server, to see that the service is properly
accomplished. See Tex. R. Civ. P. 99(a). Reliance on the process server
does not constitute due diligence in attempting service of process. 
Gonzalez, 884 S.W.2d at 589-90. A reasonable person in the same or
similar circumstance would have employed an alternate process server,
a constable, or would have attempted service through other alternative
court approved methods such as service through a court appointed
third party. See Gonzalez, 884 S.W.2d at 589; Hansler; 807 S.W.2d at
5. Additionally, appellee is an incorporated entity whose agent for
service of process is registered with the Secretary of State's office. 
Appellant could have obtained the name of appellee's registered agent
by contacting the Secretary of State's office and effected service upon
appellee's registered agent through certified mail. See Tex. R. Civ. P.
21(a). Although the existence of diligence is usually a question of fact,
a lack of diligence exists as a matter of law because it is clear that
appellant did not exhaust all of the alternatives available to achieve
proper service. See Gonzalez, 884 S.W.2d at 589 (stating that lack of
diligence exists as a matter of law where plaintiff's acts clearly negate
diligence).

 Appellant did not demonstrate that she attempted service by any
means other than relying on Munizez. After considering appellant's
failure to exhaust all of the alternatives available to achieve timely
service, and that appellee was served seventy-six days after the running
of a sixty day statute of limitations, we conclude appellant did not use
due diligence in effecting service of process. Appellant has not raised
a material fact issue regarding the defense of limitations and the
dismissal of her claims was proper. See Murray, 800 S.W.2d at 803;
see also Gonzalez, 884 S.W.2d at 589. Appellant's first point of error
is overruled. 

In her second issue, appellant claims that the trial court erred
when it refused to return findings of fact and conclusions of law after
she filed a timely and proper request for them. Pursuant to the Texas
Rules of Civil Procedure, a party may request the court to state its
findings of fact and conclusions of law in writing following a bench
trial. See Tex. R. Civ. P. 296. 

 The Texas Supreme Court has consistently held that a trial court's
failure or refusal to provide findings of fact and conclusions of law after
a party has made a timely and proper request is not reversible error
unless the record before the appellate court affirmatively shows that the
complaining party has suffered an injury as a result of the trial court's
failure to provide such findings and conclusions. Tenery v. Tenery, 932
S.W.2d 29, 30 (Tex. 1996) (per curiam) (citing Cherne Industries v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1989)); Wagner v. Riske, 178
S.W.2d 117, 120 (Tex. 1944). 

In her brief, appellant sets forth the proper procedure for
requesting findings of fact and conclusions of law as set forth in the
Texas Rules of Civil Procedure. See Tex. R. Civ. P. 296, 297. Appellant
states only that the trial court failed to comply with the procedure after
she made her request. Appellant does not advance any argument
illustrating how she sustained any specific harm as a result of the trial
court's failure to provide such findings and conclusions. We conclude
that appellant was not injured by the trial court's failure to submit such
findings and conclusions. Tenery, 932 S.W.2d at 30; Wagner, 178
S.W.2d at 120. Appellant's second point of error is overruled.

 W e conclude the trial court did not abuse its discretion. The trial 


court's dismissal of appellant's claim is AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 3rd day of August, 2000. 

1. The corresponding section of this statute, article 5221k, section
7.01(a), as it existed in 1990, set forth a one year statute of limitations
within which a plaintiff may bring a civil action. See Eckerdt v. Frostex
Foods, Inc., 802 S.W.2d 70, 71 (Tex. App.­Austin 1990, no writ). Section 7.01(a) of
the Act was re-codified in 1993 and amended in 1995 to reflect the
current statute as it appears under section 21.256 of the labor code,
which provides for a two year statute of limitations.
2. Appellant's notice of a right to sue letter is not in the record before
this Court. Appellant does not provide the date she received her Notice
of Right to File a Civil Action letter; she provides the date of
correspondence that appears on the notice. However, both parties to
this appeal use September 16, 1998 as the date that commences the
running of the sixty day period proscribed by section 21.254 of the labor
code. Accordingly, for purposes of this appeal, appellant does not
dispute that she received notice on September 16, 1998.