Opinion issued May 6, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00733-CV

———————————

Vascola Stoney, Appellant

V.

Alice
Gurmatakis,
Appellee



 



 

On Appeal from the 190th District Court 

Harris County, Texas



Trial Court Case No. 2008-76239

 



 

MEMORANDUM OPINION

          Appellant,
Vascola Stoney, challenges the trial court’s rendition of summary judgment in
favor of appellee, Alice Gurmatakis, in Stoney’s suit against Gurmatakis for
negligence and negligence per se.  In a
single issue, Stoney contends that the trial court erred in granting Gurmatakis’s
summary judgment motion on limitations grounds.[1]

          We
affirm.

Background

           In her petition, filed on December 9, 2008,
Stoney alleged that on December 23, 2006, Gurmatakis negligently caused an
automobile collision, damaging Stoney’s car and causing Stoney personal
injuries.  Gurmatakis generally denied
Stoney’s claims and asserted the affirmative defense of limitations.  Gurmatakis subsequently filed her summary
judgment motion, asserting that although Stoney timely filed her petition within
two years from the date of the collision, Stoney “did not use due diligence” in
serving her because citation was not issued until April 2, 2009 and she was not
served until May 9, 2009.  Gurmatakis
attached to her motion a copy of the citation, which included handwritten
notations indicating that the process server had received it on April 20, 2009
and had served Gurmatakis on May 9, 2009. 
Gurmatakis asserted that there is no evidence that Stoney made any
request to issue citation between December 9, 2008 and April 2, 2009 nor of any
attempt to serve her between December 9, 2008 and May 9, 2009.  Gurmatakis argued that because there is no
evidence of any valid excuse for the delay during these periods, Stoney’s
claims are barred as a matter of law by limitations.

          In
her response, Stoney asserted that on December 5, 2008,[2] she sent her petition by
mail to the Harris County District Clerk’s office, and, on December 9, 2008,
the district clerk received and filed the petition.  In response to Gurmatakis’s assertion that she
had not used diligence in procuring service, Stoney attached the affidavit of paralegal
LaKeisha Mayes, who worked in the office of Stoney’s counsel.  Mayes testified that on December 9, 2008, the
district clerk received the “petition and requisite filing fees.”  On February 13, 2009, Mayes “called the firm’s
process server regarding the status of service,” and she “was informed that
they had not received citation from the court.”  Mayes “then contacted the clerk’s office, and was
informed that citation should have been mailed back to the law firm’s
office.”  Mayes noted that “[a]fter several
weeks of investigation and numerous telephone calls with the clerk’s office, in
March 2009, [she] was informed . . . [by] the district clerk’s office that an
additional eight dollar fee was needed in order to issue citation.”  Accordingly, on March 12, 2009, Stoney’s
counsel “sent in the eight dollar fee,” this fee “was accepted by the district
clerk’s office on March 31, 2009,” and “soon thereafter, the petition and
citation were mailed to the law firm’s office.” 
On April 6, 2009, Stoney’s petition and citation were mailed to the
process server, Mayes was “thereafter” informed that “a new service address was
needed” for Gurmatakis, and, “[a]fter providing a new service address,” Gurmatakis
was served on May 9, 2009.  Stoney also
attached to her response documents establishing that the process server
received the citation on April 17, 2009 and completed service on May 9, 2009.  Stoney argued, thus, that she had exercised
due diligence in serving Gurmatakis and that the date of service should relate
back to the date of filing.  

In her reply, Gurmatakis asserted that
the evidence demonstrated lack of diligence as a matter of law because Stoney had
failed to request issuance of citation until March 2009 and explain the two
month delay in investigating the status of service after the expiration of the
limitations period. 

Standard of Review

To prevail on a summary judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and that there is no genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339,  341 (Tex. 1995). When a defendant moves for
summary judgment, it must either (1) disprove at least one essential element of
the plaintiff’s cause of action or (2) plead and conclusively establish each
essential element of its affirmative defense, thereby defeating the plaintiff’s
cause of action.  Cathey, 900 S.W.2d at 341; Yazdchi
v. Bank One, Tex., N.A., 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).  When deciding
whether there is a disputed, material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  Every reasonable inference must be indulged in
favor of the non-movant and any doubts must be resolved in its favor.  Id.
at 549. 

Diligence in Service

In a single issue, Stoney argues
that the trial court erred in granting Gurmatakis’s summary judgment motion on
limitations grounds because she presented “competent, controverting summary
judgment evidence that she exercised due diligence in serving Gurmatakis.”  

          If a plaintiff
files her petition within the limitations period, but obtains service on the
defendant outside of the limitations period, such service is valid only if the
plaintiff exercised “diligence” in procuring service.  Ashley
v. Hawkins, 293 S.W.3d 175, 179 (Tex. 2009); see also Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007)
(explaining that “a timely filed suit will not interrupt the running of limitations
unless the plaintiff exercises due diligence in the issuance and service of
citation”).  If a plaintiff diligently
effects service after the expiration of the statute of limitations, the date of
service relates back to the date of filing.  Proulx,
235 S.W.3d at 215.  If a defendant
affirmatively pleads the defense of limitations and shows that service has
occurred after the limitations deadline, the burden shifts to the plaintiff to
prove diligence.  Ashley, 293 S.W.3d at 179; Proulx,
235 S.W.3d at 216.  The plaintiff then
must present evidence regarding the efforts made to serve the defendant and “explain
every lapse in effort or period of delay.” 
Proulx, 235 S.W.3d at 216.   The issue is “whether the plaintiff acted as
an ordinarily prudent person would have acted under the same or similar
circumstances and was diligent up until the time the defendant was served.”  Ashley,
293 S.W.3d at 179 (citations omitted).  Thus, the question of the plaintiff’s
diligence in obtaining service is generally “one of fact” to be “determined by
examining the time it took to secure citation, service, or both, and the type
of effort or lack of effort the plaintiff expended in procuring service.”  Proulx,
235 S.W.3d at  216.  However, a plaintiff’s explanation of its
efforts to obtain service may demonstrate a lack of diligence “as a matter of
law” when “one or more lapses between service efforts are unexplained or
patently unreasonable.”  Id. 

A plaintiff must bring a suit for
personal injuries within two years from the time the cause of action accrued.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.003
(Vernon Supp. 2009).  The collision
occurred on December 23, 2006;  Stoney mailed
her petition to the district clerk’s office on December 5, 2008; and the
clerk’s office received her petition on December 9, 2008, before the expiration
of the two year limitations period, which expired on December 23, 2008.   However, Gurmatakis established that she was
not served until May 9, 2009, which was approximately four and one-half months
after the expiration of the limitations period. 
Thus, the burden shifted to Stoney to explain her diligence in procuring
service on Gurmatakis. 

Our focus in this case is on the
diligence, or lack of diligence, used by Stoney’s counsel in procuring the
issuance of citation.  Proulx, 235 S.W.3d at 216.  More specifically, our focus is on the period
spanning the filing of Stoney’s petition, the expiration of the limitations
period fourteen days later, and Mayes’s calls to the process server and clerk
about the status of the citation, which Mayes made approximately sixty five
days after filing Stoney’s petition and fifty one days after the limitations period
had expired.[3] 

In support of her explanation of
the delay in procuring the citation and as evidence of diligence, Stoney relies
upon the affidavit of Mayes.  However, Mayes,
in her testimony, did not provide an explanation for the approximately two month
delay in contacting the clerk’s office on February 13, 2009 to inquire about
the issuance of citation.  Although Mayes
testified that “several weeks of investigation and numerous telephone calls
with the clerk’s office” followed her initial inquiry, she did not explain why
neither she nor anyone else working on Stoney’s behalf made an attempt to
determine the status of citation and service.  
Rather than provide some evidence that might create a fact issue on limitations,
Mayes actually established that Stoney’s counsel failed to exercise diligence as
a matter of law in procuring citation and service.  First, Mayes did not reference the period of
time that passed from the filing of the petition, the expiration of the
limitations period, and her initial inquiry with the process server and clerk’s
office.  Second, she did establish that
Stoney’s counsel had failed to provide the clerk’s office with the necessary
fees for the issuance of citation.   Third,
she offered no evidence that the delay during this period in procuring citation
and service was in any way attributable to the clerk or a third party like a
process server or constable.

          As
noted above, in determining diligence, we examine “the time it took to secure citation, service, or both, and
the type of effort or lack of effort the plaintiff expended in procuring
service.”  Proulx, 235 S.W.3d at 216 (emphasis added); see also Mauricio v. Castro, 287 S.W.3d 476, 479 (Tex. App.—Dallas
2009, no pet.) (“Texas courts have consistently held that lack of diligence may
be shown based on unexplained lapses of time between the filing of the suit,
issuance of the citation, and service of process.”).  The record before us establishes that
Stoney’s counsel failed to exercise diligence in securing the citation by
waiting approximately two months after filing suit to inquire with the clerk’s
office as to whether citation had even been issued.  See
Webster v. Thomas, 5 S.W.3d 287, 289–90 (Tex. App.—Houston [14th Dist.]
1999, no pet.) (holding plaintiff failed to use due diligence as matter of law,
in part, because evidence showed that during three month period from filing of
petition to issuance of citation, plaintiff called wrong clerk’s office when
inquiring about issuance of citation); Gonzalez
v. Phoenix Frozen Foods, Inc., 884 S.W.2d 587, 590 (Tex. App.—Corpus
Christi 1994, no writ) (holding that “mere reliance on a process server and a
delay of five months after the expiration of the statute of limitations do not,
as a matter of law, constitute due diligence in procuring issuance and service
of citation”); Hansler v. Mainka, 807
S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (stating that record was
void of any evidence showing due diligence in issuing service of citation, and
holding that unexplained delay in procuring citation of until five months after
expiration of statute of limitations was not due diligence as matter of law).  Moreover, when Mayes finally called the
process server and, subsequently, the clerk’s office to inquire after waiting
two months, Mayes initially learned that the citation should have been mailed
back to the law firm and ultimately that the clerk’s office required an additional
eight dollar fee to issue citation.

          To
the extent that Stoney might argue that the district clerk’s office failed to
either properly mail the citation back to the law firm or timely communicate
that additional fees were needed to issue citation, we find instructive the
Dallas Court of Appeals opinion in Boyattia
v. Hinojosa.  18 S.W.3d 729 (Tex. App.—Dallas
2000, pet. denied).  In Boyattia, the plaintiff filed her
petition the day before the limitations period expired.   Id. at 732.  Although citations were issued the same day,
a citation to one of the defendants was not delivered to the constable for
service until three months later.  Id. 
The plaintiff failed to provide any explanation for this delay.  Id.
at 733.  The court recognized that it is
the duty of the clerk to issue citations and “deliver them as directed by the
party requesting issuance” and that a plaintiff “may ordinarily rely on the
clerk to perform his duty within a reasonable time.”  Id.
at 733–34.  However, the court concluded that
“when a party learns, or by the exercise of diligence should have learned, that
the clerk has failed to fulfill his duty . . . , it is incumbent upon the party
to ensure that the job is done.”  Id. at 734.   The court explained that a plaintiff “who
wholly ignores her duty to have the citation served on the defendant during a
lengthy period of time [in which] the citation remains with the clerk does not
manifest a bona fide intention to have process served.”  Id.  The court held that the plaintiff’s failure to
take any action during the clerk’s three-month delay in delivering the citation
constituted a lack of diligence as a matter of law.  Id.  

Similarly, Stoney failed to provide
any explanation for her approximately two month delay in inquiring with the
clerk’s office about procuring a citation, and her counsel ultimately learned
that the failure to issue the citation was attributable to the lack of payment
of requisite fees.[4]  We conclude that the evidence presented to
the trial court established, as a matter of law, that Stoney failed to use
diligence in procuring the citation and effecting service on Gurmatakis.  Accordingly, we hold that the trial court did
not err in granting summary judgment in favor of Gurmatakis.

          We
overrule Stoney’s sole issue.

 

 

 

Conclusion

          We
affirm the judgment of the trial court.

 

 

            

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel consists of Justices Jennings, Bland, and Wilson.[5]











[1]
              Stoney
actually identifies four issues in her briefing, but all issues concern whether
the trial court erred in granting summary judgment on limitations grounds.





[2]
              Stoney
presented evidence that she had
previously filed her original petition with the “Harris County Clerk” on
November 21, 2008 and she had received a letter from the clerk’s office on
December 3, 2008 informing her that it would not process her petition.  This evidence is not necessary to our
analysis because the evidence shows, and the parties agree, that Stoney timely
filed her petition with the Harris County District Clerk by December 9, 2008.





[3]
              In
her affidavit, Mayes does not specifically identify the actual date on which
she called the clerk after learning from her firm’s process server that it had
not received citation.   Nevertheless,
resolving any doubt in Stoney’s favor, we construe Mayes’s affidavit to provide
some evidence that she called the clerk either on February 13, 2009 or shortly
thereafter.





[4]
              We
recognize that other courts have held that “[t]wo weeks is not an unreasonable
amount of time to allow a clerk to perform his duties” in issuing a requested
citation.  See Boyattia v. Hinojosa,  18 S.W.3d 729, 734 (Tex. App.—Dallas 2000,
pet. denied); see also Harrell v. Alvarez,
46 S.W.3d 483, 486 (Tex. App.—El Paso 2001, no pet.) (stating that “clerk must
be given a reasonable time to fulfill her obligations” and that “a delay of
three weeks in issuing citation, which included [the Thanksgiving] holiday, did
not entail any inaction by the clerk obligating plaintiffs’ recognition and
correction”).  We need not consider the
specific number of days that a clerk should be given to issue a properly
requested citation before a diligent party should inquire about the status of
procuring the citation.  Rather, we
simply hold that, on these facts, Stoney’s unexplained delay in waiting to
inquire about the status of the citation shows lack of diligence as a matter of
law.  

 





[5]        The
Honorable Randy Wilson, State District Judge of the 157th Judicial District,
Harris County, Texas, sitting by assignment.