

NUMBER 13-10-00511-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MICHAEL PLUMMER,                                         **Appellant,**

**v.**

TEXAS ATTORNEY GENERAL, MICHAEL J. RYAN,
AND SUSAN MATTHEWS A/K/A SUSAN HOUSTON,      **Appellees.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Benavides

This appeal involves the denial of a bill of review. Appellant, Michael Plummer, challenged a 1990 order resulting from a suit brought against him by his child's mother, Susan Matthews a/k/a Susan Houston, (hereinafter "Houston") through the Texas Attorney General's Office ("OAG"). By three issues, Plummer asserts that (1) the initial

service of process in 1989 was defective; (2) he did not receive proper notice of the final hearing; and (3) the default judgment against him was rendered through extrinsic fraud. Because we conclude that the trial court did not abuse its discretion in its ruling, we affirm.

## I.     BACKGROUND

In April 1988, Houston filed an Original Petition to Establish Paternity of a Child (L.M.) and named Plummer as the purported father.  Following the filing, process servers were unable to make initial contact with Plummer to properly effectuate service. As a result, they requested and received an order on August 31, 1988 which authorized substituted service pursuant to Texas Rule of Civil Procedure 106 to serve Plummer at 2909 Ada Street in Corpus Christi, Texas.[1]  Plummer was eventually served with process on May 22, 1989, following multiple failed attempts to locate him at different addresses.

In response, Plummer filed the following handwritten answer dated June 9, 1989:

To the 319th District Court:

On May 22, 1989 I was served with a citation involving perternity [sic] of a child.

The Cause Number is 88-1973-G filed by Susan Ann [Houston].

I respectfully submitt [sic] to you at this time, that I am in complete denial of these allegations.

Respectfully,
Michael Plummer

---

[1] It appears the original citation listed the incorrect address.   Plummer's correct address was 2902 Ada Street in Corpus Christi, Texas.

2

On June 29, 1990, the OAG sent a certified letter, return-receipt requested, addressed to Plummer at 2902 Ada Street, Corpus Christi, Texas, notifying him of an upcoming hearing set for August 2, 1990. The letter was received and signed by Plummers' mother, Sojournish Plummer.

On August 28, 1990, the trial court issued an order to establish parent-child relationship and noted that neither Houston nor Plummer appeared at the hearing and found Plummer in default. The trial court also found that Plummer was the biological father of the child, ordered the child's name changed, and imposed support obligations on Plummer. On March 24, 2009, the OAG filed a Motion to Confirm Support Arrearage against Plummer. Plummer did not appear, and the trial court found that Plummer owed child support arrearages of $90,793.21 and ordered payment.

In June 2010, Plummer filed a pro se bill of review arguing lack of notice and fraud issues concerning the underlying suit and order. After a hearing, the trial court denied the bill. This pro se appeal[2] ensued.

## II. APPLICABLE LAW & STANDARD OF REVIEW

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (*Caldwell I*). In order to prevail and set aside a judgment by bill of review, a party must plead and prove: (1) a meritorious defense to the underlying cause of action; (2) justification for failure to present the defense by fraud, accident, or wrongful act of the opposing party or official

---

[2] We note that Plummer filed an "Amended Notice of Restricted Appeal" after filing a timely Notice of Appeal on September 14, 2010. In light of the procedural history of this case, a restricted appeal is inapplicable. *See* TEX. R. APP. P. 25.1(a)–(f) (addressing the requirements of a notice of appeal). We will equate Plummer's "Amended Notice of Restricted Appeal" as an amended notice of appeal related to the August 18, 2010 judgment denying his bill of review. *See id.* at 25.1(f).

mistake; and (3) the default judgment was rendered through no fault or negligence of his own.  *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (*Caldwell II*); *Caldwell I*, 975 S.W.2d at 537; *Garza v. Attorney General*, 166 S.W.3d 799, 810 (Tex. App.—Corpus Christi 2005, no pet.) (citing *Caldwell II*).

When a bill of review plaintiff claims non-service, he is relieved from proving the first two elements of the proceeding.  *See Caldwell II*, 154 S.W.3d at 96.  Furthermore, proof of non-service will conclusively establish the final required element.  *See id.* "Lack of service is purely a question of fact which must be determined by the trier of the fact."  *Garza*, 166 S.W.3d at 811 (citing *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972)).[3]

We review a trial court's grant or denial a bill of review under an abuse of discretion standard.  *See Garza*, 166 S.W.3d at 810–11; *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied).  A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles.  *Id.* "[W]e indulge every presumption in favor of the trial court's ruling and will not disturb that ruling unless the trial court abused its discretion."  *Garza*, 166 S.W.3d at 808.

---

[3] We note that findings of fact and conclusions of law were not requested nor filed in this case.  As such, it is implied that the trial court made all the findings necessary to support its judgment.  *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

In applying the abuse of discretion standard of review, we defer to the trial court's factual determinations and do not engage in our own factual review.  *See Garza*, 166 S.W.3d at 808.  Instead, we decide whether the record supports the trial court's resolution of factual matters, and if the record supports the trial court's findings, we are not at liberty to disturb them.  *Id.*

## III.   ANALYSIS

### A.   Defective Service

In his first issue, Plummer asserts that the trial court improperly denied his bill of review because he was served with a defective citation—thereby making it defective service that did not comport with the trial court's August 31, 1988 order for substituted service.

Plummer's interpretation of Texas's service of process rules is misguided.  A citation may be served upon a defendant by:   (1) personal delivery; (2) certified mail, return receipt requested; or (3) upon a motion, supported by affidavit and court order, for substituted service.   *See* TEX. R. CIV. P. 106.   While it is true that the trial court in the underlying action ordered substituted service for Plummer, the order for substituted service did not preclude the OAG from utilizing the other methods still available under Rule 106.   *See Taylor v. State*, 293 S.W.3d 913, 915 (Tex. App—Austin 2009, no pet.) (noting that if personal service is prohibited once substituted service is authorized, Texas service-of-process policies would be undermined); *see also Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.) (recognizing that Texas law favors personal service over substituted service due to its greater reliability).   Here, the record shows that a citation for the underlying case was personally delivered to Plummer on May 23, 1989, despite the trial court authorizing substituted service months prior.   The record also shows that the citation was not in any way void or defective, and the law is clear that a return of service is prima facie evidence of the facts recited therein. *See Garza*, 166 S.W.3d at 811 (referencing *Pleasant Homes, Inc. v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex. 1989) (per curiam)).

Finally, Plummer's handwritten answer constituted an appearance in the underlying suit which renders his argument of defective service of process moot. *See* TEX. R. CIV. P. 121 ("[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1994, no pet.).

Plummer's first issue is overruled.

## B.    Notice of August 2, 1990 Hearing

In his second issue, Plummer argues that because he did not receive notice pursuant to Rule 107 of the August 2, 1990 hearing, the trial court should have granted his bill of review.

Plummer's reliance on Rule 107 is erroneous.  Rule 107 provides guidance for returns of service of process, not for settings of hearings.  *See* TEX. R. CIV. P. 107. The OAG correctly points out that Rule 21a controls.  *See* TEX. R. CIV. P. 21a (discussing notice requirements for every filing, specifically excepting citations for service).  Rule 21a authorizes various methods of service for pleadings, pleas, motions, or other requests under Rule 21, such as:  (1) via personal delivery to a party, or the party's duly authorized agent or attorney; (2) by courier-receipted delivery; (3) certified or registered mail, to the party's last known address; (4) via telecopier; or (5) any other manner directed by the court in its discretion.  *See id.*  "If a notice is properly sent pursuant to Rule 21a, a presumption exists that notice was received," so long as proof that it was sent is established when challenged.  *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

6

Here, Plummer denies receiving notice of the hearing sent by the OAG; however, the OAG provided that a return receipt was returned to their office, which confirmed delivery of the correspondence to 2902 Ada, more than one month prior to the August 2, 1990 hearing. The trial court could have properly concluded that Plummer did receive notice of the August 2nd hearing, despite his denials to the contrary at the bill of review hearing. *See Jackson v. Mares*, 802 S.W.2d 48, 50–51 (Tex. App.—Corpus Christi 1990, writ denied) (holding that "it is within the court's province to judge the credibility of the witnesses and to determine the weight to be given to their testimony").

We overrule Plummer's second issue.

## C.    Extrinsic Fraud

In his final issue, Plummer asserts that the trial court abused its discretion for denying his petition for a bill of review based on his claim of extrinsic fraud.

"Extrinsic fraud is fraud that denies a losing party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted" due to wrongful conduct generally found outside adversarial proceedings. *Browning v. Prostok*, 165 S.W.3d 336, 347 (Tex. 2005) (defining, comparing, and contrasting extrinsic fraud with intrinsic fraud). Some examples of extrinsic fraud include "fraudulent failure to serve a defendant with personal service, in order to obtain a judgment against him without actual notice to him," and "failure of opposing counsel to notify all opposing parties of a trial setting." *See Lambert v. Coachmen Indus. of Texas, Inc.*, 761 S.W.2d 82, 86–87 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (internal citations omitted).

In this case, Plummer's argument centers on the fact that he did not receive notice of the August 2, 1990 hearing. However, the trial court could have concluded that

7

Plummer received proper service of process pursuant to Rule 106 and sufficient notice of the August 2, 1990 hearing pursuant to Rule 21a. These conclusions, considered along with the trial court's judicial notice of the clerk's record of the underlying case evidencing an answer and appearance to the original petition, we hold that the trial court did not abuse its discretion in overruling Plummer's bill of review based on a claim of extrinsic fraud. Plummer's third issue is overruled.

## IV. CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of May, 2012.