**Gabriela ORTIZ (1997 Chrysler LHS 2C3HC56FXVH554673), Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–99–798–CV.

Court of Appeals of Texas, Corpus Christi.

July 13, 2000.

G. Rudolph Garza, Jr., Corpus Christi, for Appellant.

Randolph Booth, Asst. Dist. Atty., Kingsville, for the State.

Before Justices HINOJOSA, CHAVEZ, and KENNEDY.[1]

**O P I N I O N**

Opinion by Justice NOAH KENNEDY (Retired).

The action which is the basis for this appeal began when plaintiff, the State of Texas, seized an automobile belonging to appellant herein, Gabriela Ortiz, the state having alleged that the automobile had been used in the commission of a felony. The state then filed a notice of seizure and intended forfeiture of the automobile, because when its owner (appellant) and her husband were detained, the car had sixteen pounds of cocaine concealed under its back seat.

The notice of seizure and intended forfeiture was filed on January 11, 1999, however, no service of citation was requested by the state on the date of filing the notice. On June 9, 1999, an attorney for the state sent a letter to the Kleberg County District Clerk requesting that citation by certified mail be issued. The following day citation was issued but it was returned unserved. On June 28, 1999, a new letter was sent to the clerk requesting service by certified mail upon appellant at a different address. This citation was served on appellant on July 2, 1999.

---

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

Appellant filed a plea in bar, requesting that forfeiture be denied, the cause dismissed, and the automobile be returned to her. She bases her plea in bar on the delay in serving citation on appellant.

On November 19, 1999, the trial court signed an order finding that the automobile was contraband and awarding possession of the automobile to the Kleberg County Sheriff's Department. On November 23, 1999, the court denied appellant's plea in bar and, subsequently, entered judgment forfeiting the vehicle. Appellant's sole issue is, "whether the trial court erred in denying appellant's plea in bar because of the state's lack of diligence in issuance of citation and service." The state has chosen to not file a brief herein.

The law governing forfeiture of property seized as contraband is set out in the code of criminal procedure, articles 59.01, *et seq.*, and we quote here the portions thereof pertinent to this case:

Art. 59.01.  Definitions

In this chapter:

(2) "Contraband" means property of any nature, including real, personal, tangible, or intangible, that is:

(B) used or intended to be used in the commission of:

(i) any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act);

Art. 59.02.  Forfeiture of contraband

(a) Property that is contraband is subject to seizure and forfeiture under this chapter.

Art. 59.03.  Seizure of contraband

(b) Seizure of property subject to forfeiture may be made without warrant if:

(4) the seizure was incident to a lawful arrest, lawful search, or lawful search incident to arrest.

Art. 59.04.  Notification of forfeiture proceeding

(a) If a peace officer seizes property under this chapter, the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the seizure.

(b) A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made. The attorney representing the state must attach to the notice the peace officer's sworn statement under Article 59.03 of this code. Except as provided by Subsection (c) of this article, the attorney representing the state shall cause certified copies of the notice to be served on the following persons in the same manner as provided for the service of process by citation in civil cases:

(1) the owner of the property; and

(2) any interest holder in the property.

Art. 59.05.  Forfeiture hearing

(a) All parties must comply with the rules of pleading as required in civil suits.

(b) All cases under this chapter shall proceed to trial in the same manner as in other civil cases. The state has the burden of proving by a preponderance of the evidence that property is subject to forfeiture.

TEX. CODE. CRIM. Proc. art. 5901, *et. seq.* (Vernon Supp.2000).

The supreme court in *State v. $435,000.00 (Selestine Ara Lovelace)*, 842 S.W.2d 642, 644 (Tex.1992) analyzed the effect of the pre–1989 forfeiture law [2] which provided that after the state initiated a forfeiture action and a claimant filed

---

2. TEX. PENAL CODE ANN. ART. 725d § 5, since repealed in 1989. The present procedure, effective since October 18, 1989 no longer prescribes a period for setting a hearing on forfeiture.

a verified answer to recover the property " 'a time for hearing on forfeiture must be set within 30 days of the filing on an answer.' " Courts of appeals had disagreed over whether the statute required the hearing to be held within the 30–day period[3] or whether it merely had to be set within this time for hearing later.[4] Even with this disagreement, all the courts of appeals held the requirement to be directory and not mandatory. The supreme court said:

> These labels are somewhat misleading. More precisely, the issue is not whether "shall" is mandatory, but what consequences follow a failure to comply. As we have noted above, the obvious purpose of the provision was to require a prompt resolution of forfeiture proceedings. That purpose is not well served if the provision is construed to mean only that a hearing should be held, but is not required to be held, within the prescribed time. It is doubtful whether such a provision could be enforced, as by mandamus, and thus it would have little effect at all. In this sense at least, "shall" in this context is rather plainly mandatory. The appeals courts which have considered "shall" to be directory rather than mandatory have done so to avoid the consequence of dismissal. It does not follow, however, that if a trial court is required by statute to hear a forfeiture case within 30 days of the filing of the answer and does not do so, it cannot hear the case at all and must dismiss it. The mandatory provision affords the parties the right to compel the trial court to hear the case promptly. If a trial court refuses, the statute provides a basis for relief by mandamus, but not for dismissal.

*$435,000* at 644. The court further said:

> Based upon the following discussion, we conclude that dismissal was improper. Lovelace was entitled to a hearing within thirty days and a prompt trial setting,

and would have been entitled to mandamus relief had the trial court refused either; but she was not entitled to dismissal of the State's action for the trial court's failure to consider the case expeditiously.

*Id.* at 645.

The case before us does not involve the time of the hearing. Rather, it involves diligence, or the lack thereof, in providing notice to the owner of the attempted forfeiture. Appellant requests a dismissal based upon lack of diligence in service of citation. She correctly points out that service of citation was not completed until 167 days after the filing of the suit for forfeiture. She cites *One 1991 Chevrolet Blazer v. State,* 905 S.W.2d 443 (Tex.App.—Amarillo 1995, no pet.) to support her request for dismissal.

■ If we were to apply the holding in *$435,000,* we would be forced to rule that the lack of diligence in notice was not fatal because the mandatory provision in the notice statute affords the parties the right to compel the service of notice and the property owner had a basis for relief by mandamus, but not for dismissal. Such a holding would be self-defeating. A party should not be required to resort to mandamus in order to receive notice of something he would have to allege he was aware of in his petition for mandamus. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988).

■ The Amarillo court in *Chevrolet Blazer* held, "we read article 59.04(b) as also mandating reasonable diligence in the

---

**3.** *State v. Boren,* 654 S.W.2d 547 (Tex.App.— Waco, 1983, no writ).

**4.** *Clark v. State,* 693 S.W.2d 23 (Tex.App.— Beaumont 1985, no writ).

service of process." *Chevrolet Blazer*, 905 S.W.2d at 445. The court further held that the 140–day lapse in service of process was fatal to the state's case. We, likewise, hold that the 167–day delay in service of process upon appellant herein requires a dismissal of the notice of seizure and intent to forfeit. The judgment is REVERSED and the cause remanded to the trial court for proceedings commensurate with this opinion.