**$6453.00 and One Chevrolet Pickup, TX LPUG1833, VIN #1 GCEK14H7GS139989, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–370–CV.**

Court of Appeals of Texas,
Waco.

Nov. 14, 2001.

**534**

Danny D. Burns, Fort Worth, for appellants.

John W. Segrest, McLennan County Dist. Atty., James Wiley, McLennan County Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justices VANCE, and GRAY.

## OPINION

BILL VANCE, Justice.

Gary Lynn King was arrested on March 13, 1997, for selling methamphetamine. During that time he drove a 1986 Chevrolet pickup registered to Lisa Taylor. When they arrested King, officers found methamphetamine in the pickup, and $6,453 in cash on King's person and in the pickup. King was ultimately indicted in federal court, and in April 1998, he was sentenced to 108 months in prison.

On April 10, 1997, the State filed an "Original Notice of Seizure and Intended Forfeiture" regarding the pickup and the cash under chapter 59 of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. ch. 59 (Vernon Supp.2001). Chapter 59 provides that the State can seize property used in the commission of, among others, a drug-related crime and can also seize the monetary proceeds from the crime. *Id.* art. 59.03. Then the State can commence forfeiture proceedings by filing a notice of seizure and intended forfeiture. *Id.* art. 59.04. The State is required to cause a certified copy of the notice to be served on any interest holder in the property "in the same manner as provided for

the service of process by citation in civil cases." *Id.* art. 59.04(b). The record contains a return of citation which shows that copies of the notice and the citation were sent by certified mail to King on April 16, 1997. At that time, King was being held in the McLennan County Jail. The address for King in both the notice and the citation was 322 Moss Hill, Arlington, Texas 76018. The mailing was returned marked "unclaimed."

■ Over two years later, on June 4, 1999, a second citation and notice were served on King in person by the Sheriff in St. Francis County, Arkansas. The address of service on the citation was the federal prison in which King was incarcerated: FCI Forest City, P.O. Box 7000, Forest City, Arkansas 72336. King filed an Answer on June 28, 1999, raising, in part, a limitations defense: "Plaintiff has failed to use due diligence in attempting service on Movant." There was a forfeiture hearing in September 2000 at which King was represented by counsel. Documentary evidence at the hearing showed that the pickup was registered to Lisa Taylor. However, there was testimony that: (1) King said Taylor was his wife; (2) King said he owned the pickup; (3) King said he had recently rebuilt the engine in the pickup; and (4) insurance records showed only King had motor vehicle insurance on the pickup. A final judgment in favor of the State was signed on October 20, 2000.[1] King filed a notice of appeal on November 7, 2000.

■ King's sole point of error on appeal is that the forfeiture proceeding was barred by limitations because he was not served with a copy of the notice in a timely manner. He claims the evidence is legally insufficient that the State used due diligence to serve him with process. When we conduct a review of whether the evidence is legally sufficient, we consider only that evidence and the inferences therefrom which support the finding at issue, considered in the light most favorable to the finding, and disregarding contrary evidence and inferences. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995); *Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex.1992). We can find the evidence legally insufficient if: (1) there is a complete absence of evidence for the finding, (2) there is evidence to support the finding, but rules of law or evidence bar the court from giving any weight to the evidence, (3) there is no more than a mere scintilla of evidence to support the finding, or (4) the evidence conclusively establishes the opposite of the finding. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 361, 362–63 (1960)). "More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.' " *Burroughs Wellcome,* 907 S.W.2d at 499 (quoting *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994)).

Complaints about service of process arise in two contexts. One is complaints about violations of due process and the rules of civil procedure. When a defendant finds the form, substance, or manner of service to be defective, and therefore violative of due process or a rule of civil procedure, three courses of action are available: (1) do nothing, and challenge

---

1. We note that a judgment of forfeiture is not a declaratory judgment or other judicial finding that a person in fact owns or has an interest in forfeited property. Rather, it divests the person of whatever interest, if any, he may have in the property.

any default judgment on direct appeal, or by restricted appeal under Rule 30 (Tex.R.App. P. 30);[2] (2) file an answer and defend on the merits, which waives the complaint about the defect (Tex.R. Civ. P. 121);[3] (3) file a motion to quash service, which if granted, temporarily delays the date by which the answer must be filed (Tex.R. Civ. P. 122). *See Onda Enterprises, Inc. v. Pierce*, 750 S.W.2d 812, 814 (Tex. App.—Tyler 1988, orig. proceeding).

■■■ The other and more frequent context, applicable here, does not pertain to the form, substance, or manner of service, but rather to the timeliness of service. It relates to the affirmative defense of limitations. To satisfy the requirement that a lawsuit be brought within the applicable limitations period, the plaintiff must not only file the lawsuit within the period, but must also serve process on the defendant within the period. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). However, service can be obtained outside the period if the plaintiff exercised due diligence in attempting to procure service in a timely manner. *Id.; Padre Island Brewing*, 28 S.W.3d at 618, 621 (Tex.App.–Corpus Christi, 2000, no pet.); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 589–90 (Tex.App.—Corpus Christi 1994, no writ). The test for due diligence is whether the plaintiff (1) acted as an ordinary prudent person would have under the same circumstances, and (2) was diligent up until the defendant was served. *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex.App.—Dallas 2001, no pet.); *Eichel v. Ullah*, 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992, no writ). Extended periods of time in which no attempt at service of process are made—which are unexplained—as a matter of law show lack of due diligence. *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ).

■■■ King raised the affirmative defense of limitations. The defendant initially must prove that service did not occur within the limitations period; then the burden shifts to the plaintiff to show due diligence in attempting to serve the defendant within the period. *Harrell v. Alvarez*, 46 S.W.3d 483, 485–86 (Tex.App.—El Paso 2001, no pet.); *Seagraves*, 45 S.W.3d at 782; *Butler*, 836 S.W.2d at 835. King met his burden of proving that service did not occur within the thirty-day limitations period by having the trial court take judicial notice of the contents of the file. The return of citation on file established that King was not served until long after limitations expired.

King claims the evidence is legally insufficient that the State exercised due diligence because (a) the State initially tried to serve him at an old address when the State's attorney knew or should have known he was in the McLennan County Jail, (b) he was not ultimately served until almost twenty-six months after the forfeiture proceeding was filed, and (c) no attempts to serve him were made between the first attempt and actual service. The limitations period in a chapter 59 proceeding is thirty days, *i.e.*, the notice of forfeiture must be filed within thirty days of the seizure. Tex.Code Crim. Proc. Ann. art. 59.04(a). Therefore, we are concerned with the actions, if any, the State took to serve King after thirty days from the seizure on March 13, 1997.

---

**2.** *E.g., Ackerly v. Ackerly,* 13 S.W.3d 454, 458 (Tex.App.—Corpus Christi 2000, no pet.).

**3.** Filing an answer constitutes an appearance and makes service of process unnecessary. Tex.R. Civ. P. 121; *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 589 (Tex.App.—Corpus Christi 1994, no writ).

It is not disputed that King was not served until almost twenty-six months after the forfeiture notice was filed, well after limitations had expired. The State offered *no evidence* of the reason for the delay. We find that by failing to present any evidence of its efforts to serve King during the twenty-six months, or of the reason it failed to make an effort, the State has failed to meet its burden to show due diligence in effecting service. *E.g., Butler,* 836 S.W.2d at 835–36 (five and one-half months of inactivity between failure of service on wrong address and service at new address was a lack of due diligence); *Hansler,* 807 S.W.2d at 5 (no request for service of process for five months after suit filed was a lack of due diligence); *Webster v. Thomas,* 5 S.W.3d 287, 291 (Tex.App.—Houston [14th Dist.] 1999, no pet.) (four-month delay between obtaining citation and having it served on the defendant was a lack of due diligence); *Belleza–Gonzalez v. Villa,* 57 S.W.3d 8, 2001 WL 664620, *3 (Tex.App.—Houston [14th Dist.] June 14, 2001). The trial court erred in not finding as a matter of law that the forfeiture proceeding was barred by limitations.

We reverse the judgment as to the interest of Gary Lynn King and render judgment that the State take nothing from Gary Lynn King.[4]

---

4. Lisa Taylor was named in the State's petition along with King. She was not named in the judgment and did not appeal. Forfeiture of her interest, if any, in the property is not affected by our judgment in this appeal.