NUMBER 13-01-317-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

FOUR THOUSAND THREE HUNDRED

THIRTY-FOUR DOLLARS ($4,334.00)

IN U.S. CURRENCY, TWO (2) HANDGUNS,

AND ONE (1) TANITA DIGITAL SCALE,                                   Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 105th District Court

                                  of Nueces County, Texas.



 

 

                                   O P I N I O N

          Before Chief Justice Valdez
and Justices Yañez and Castillo

                                  Opinion by
Justice Castillo

 








Appellant, Leonel Flores, Jr., appeals from a forfeiture ruling
made by the trial court under chapter 59 of the code of criminal
procedure.  In a single issue presented,
appellant contends that reasonable diligence was not exercised by the State in
securing the issuance and service of the citation upon Flores and therefore the
trial court erred in denying his First Amended Plea in Bar.  We affirm.

PROCEDURAL HISTORY

Pursuant to a search warrant, on April 7, 2000, $4,334.00, two
handguns, and one Tanita digital scale were seized from Flores=s
apartment.  On May 8, 2000, the State
filed a petition and notice of seizure and intended forfeiture of Flores=s
property.  On that date, the State also
requested and received permission to issue a citation through personal service
to Flores.  Personal service was
attempted unsuccessfully on May 10 and 11, 2000.  With the help of the local police department,
the State continued to search unsuccessfully for appellant. 








Appellant was never served with the citation, but on January
16, 2001, 249 days after the filing of the State=s petition, appellant filed an answer in
the case, generally denying the allegations in the State=s petition, and
a  Plea in Bar to dismiss the State=s forfeiture
action for failure to timely file suit. 
On January 23, 2001, appellant=s original Plea
in Bar was denied by the trial court.[1]  On January 24, 2001, appellant filed an
Amended Plea in Bar, alleging that the suit was not
timely filed and the State had failed to exercise diligence in issuing and
serving the citation on Flores.  After a
hearing on January 31, 2001 at which the State put on a witness and offered
evidence, the trial court found that the State had exercised due diligence in
attempting to serve Flores and denied the Amended Plea in Bar.  Flores then entered into an agreed judgment
with the State, forfeiting the items. 
This appeal ensued.[2]

                                                RELEVANT
FACTS[3]

The petition in this case was filed on May 8, 2000, within the
statutory limitation period, and the State requested issuance of citation and
personal service  of
the same on the same day of the filing. 
There were two unsuccessful attempts to locate the appellant at his last
known address, within the thirty-day limitation period.  The first attempt was made on May 10, 2000,
and the next was made on May 11, 2000. 
Appellant was not present at that address on either day.  On May 11, the manager of the apartment
complex told the process server that appellant had moved following a drug
raid.  








After the two unsuccessful May attempts within the limitation
period, the State, in July 2000, contacted an agent of the Corpus Christi
Police Department to help locate and serve the appellant.  The agent searched files for an updated
address, the State=s attorney and
agent spoke over the phone concerning the location of the appellant, and the
agent contacted appellant=s friends for
information.  

In late August 2000, the State=s attorney and the service of process
agent went to the appellant=s last known
address and spoke with the apartment manager, who was unable to provide a
forwarding address.  At this time, the
agent also searched the appellant=s criminal
record, contacted the county jail to inquire if appellant was currently
incarcerated, and searched appellant=s driver=s license
records for a possible change of address. 
The State=s attorney then
asked that the agent continue to periodically check with the county jail for
appellant=s possible
arrest and circulate a photograph of the appellant through the police
department.

                                                 APPLICABLE
LAW

                                                     1.
In General

A civil action commences with the filing of a petition, Tex. R. Civ. P. 22, but such petition
must be also filed within the applicable statute of limitations.  $6,453 v. State, 63 S.W.3d 533, 536
(Tex. App.CWaco 2001, no
pet.).  Even when the petition is filed
timely, however, the suit will be nonetheless barred by limitations unless the
plaintiff also exercises due diligence in serving the defendant with process
within the statute of limitation period. 
Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990); Holstein v. Fed. Debt Mgmt., Inc., 902 S.W.2d 31,
34 (Tex. App.BHouston [1st
Dist.] 1995, no writ).  








The duty to exercise reasonable diligence exists until service
is perfected.  Martinez v. Becerra,
797 S.W.2d 283, 284 (Tex. App.CCorpus Christi
1990, no writ).  The standard applicable
to reasonable diligence is defined according to an ordinary prudent person
acting under the same circumstances.  Newman
v. Broadus, 847 S.W.2d 249, 251 (Tex. App.BCorpus Christi
1992, no writ).  Accordingly, the test
for due diligence is whether the plaintiff: (1) acted as an ordinary prudent
person would have under the same circumstances, and (2) was
diligent up until the defendant was served.  
$6,453, 63 S.W.3d at 536.

Usually, the question of reasonable diligence is a fact
question; however, if no excuse for the lack of timely service is offered, or
the time passed between filing of the suit and the State=s actions
negates the possibility that reasonable diligence existed, lack of diligence
will be found as a matter of law. One 1991 Chevrolet Blazer, VIN
#1GNDT13Z4M2302305, One Thousand Three Hundred 
Fifty-One Dollars and Ninety-Six Cents, and Approximately Twenty-Nine
Pounds of Marijuana v. State, 905 S.W.2d 443,445 (Tex. App.CAmarillo 1995,
no pet.).  If reasonable diligence is
applied, effective service may be made after the applicable limitations period,
with the date of service relating back to the date that the petition was filed.
 Gant, 786
S.W.2d at 260.

                                      2.
Chapter 59 Forfeiture Actions








Forfeiture proceedings under chapter 59 are governed by the
rules of civil procedure.  Tex. Code Crim. Proc. Ann.
art. 59.05 (Vernon Supp. 2002); F & H Invs., Inc.
v. State, 55 S.W.3d 663, 668 (Tex. App.CWaco 2001, no
pet.).  Consequently, reasonable
diligence is also required in the service of process for chapter 59 forfeiture
proceedings.  One
1991 Chevrolet Blazer, 905 S.W.2d at 444-45.

In a chapter 59 forfeiture proceeding, the State has a
limitation period of thirty days after seizure in which to both file suit of
forfeiture and diligently serve the appellant with notice of forfeiture.  Tex. Code Crim. Proc. Ann. art.
59.04(a) (Vernon Supp. 2002); $6,453 v. State, 63
S.W.3d at 536.  

                                                      ANALYSIS

In his sole issue presented, Flores argues that the trial court
should have dismissed the suit because the State failed to exercise reasonable
diligence in perfecting service on him. 
We disagree.

          Appellant
cites One 1991 Chevrolet Blazer v. State, 905 S.W.2d at 444-45, Eichel
v. Ullah, 831 S.W.2d 42, 44 (Tex. App.BEl Paso 1992,
no writ), Ortiz v. State, 24 S.W.3d 603, 605 (Tex. App.BCorpus Christi
2000, no pet.), and Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App.BCorpus Christi
1991, no writ) to support his argument that reasonable diligence was not
exercised.  However, these cases are
distinguishable from the present case because in each of the cited cases the
delays were either unexplained or unreasonable according to a reasonable person
in the same circumstance.








In Ortiz v. State and Hansler v. Mainka, the
appellees provided the court with no explanation for the delay.  Ortiz, 24 S.W.3d at
605; Hansler, 807 S.W.2d at 5. 
In both cases, the lack of explanation supports the finding of lack of
diligence.

In the remaining two cases cited by appellant, the delays were
unreasonable.  In One 1991 Chevrolet
Blazer, the appellee received permission to issue the citation within the
prescribed time; however, actual service was delayed 140 days because the
appellee chose not to administer out-of-state service.  905 S.W.2d at 445.  The court held that this explanation was
unreasonable according to an ordinary, reasonable person, and that the appellee
lacked diligence in effectuating service. 
Id. at 445-46.

In Eichel v. Ullah, the appellant and appellee were
involved in an automobile accident.  831 S.W.2d at 44.  The
appellant filed suit only four days before the expiration of the statute of
limitations, and did not request service until two months after filing.  Id. 
Further, nine months passed without any continued attempt at
service.  Id.  The court held that the alleged explanations
for delay were unreasonable, and further that the efforts at service made by
appellant were insufficient and lacked diligence.  Id. at 45.   








All of the above cases are distinguishable from the present
case because the explanation for delay was unreasonable, or non-existent, and
efforts to serve clearly lacked diligence. In the present case, the
explanations for delay are reasonable and, further, the appellee exhibited
diligence in its on-going attempts at service. 
The facts of the present case are more similar to those presented in Hodge
v. Smith, 856 S.W.2d 212, 215-17 (Tex. App.BHouston [1st Dist.] 1993, writ denied) and
Witt v. Heaton, 10 S.W.3d 435, 436-37 (Tex. App.BBeaumont 2000,
no pet.). 

In Hodge, the appellee received permission for service
on the same date he filed suit, within the limitations period.  Hodge, 856 S.W.2d at
215.  The initial attempt at
service was unsuccessful and the appellee phoned the constable and the
appellant=s former
employer for information and a possible address.  Id. at 215-16.  These attempts too were unsuccessful, and
service by publication was not achieved. 
Id. at 216.  Finally, a private investigator was hired,
and the appellant was located and served twenty-seven months after the
expiration of the statute of limitations. 
Id. at 217.  The Hodge court held that evidence
supported the appellee=s diligence in
attempts at service, and that he acted as an ordinary, reasonable person would
in the same circumstance.  Id.  Therefore, the date of service related back
to the date of filing suit, which was within the period of limitations.  Id. 

In Witt v. Heaton, delays in service occurred due to
mistake and the plaintiff=s inability to
locate the defendant.  10
S.W.3d at 436-37.  The citation of
service was timely requested on the date the suit was filed.  Id. at 437.
The citation was originally mailed to the wrong constable, and therefore
returned.  A second constable received
the citation and request for service upon appellant,
and attempted service on seven different occasions.  Id. 
Finally, a third constable received and served the citation , almost five months after the statute of
limitations.  Id.  The court held that the delays were
reasonable and explainable, therefore providing evidence of diligence.  Id. at 438.








In the present case, repeated attempts were made at locating
and serving the appellant.  As in Hodge
and Witt, the request for citation of service was filed on the same date
as the suit, thereby establishing an initial attempt at service within the
limitation period.  Hodge, 856 S.W.2d at 215; Witt, 10 S.W.3d at 436.  Finally, like in Hodge and Witt,
a succession of diligent attempts, utilizing a variety of means, were made to
locate the appellant and effectuate service. 
We find that the evidence of the State=s efforts in the present case were
sufficient to support the trial court=s finding that
the delays in service were reasonable and explainable.  We overrule appellant=s sole issue.

                                                    CONCLUSION

Having overruled the sole issue presented on appeal, we affirm
the judgment of the trial court.                                                           

ERRLINDA
CASTILLO

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

 this 29th day of
August, 2002.

 











 [1] The
denial of appellant=s original Plea
in Bar is not at issue in this appeal.





[2] In
the agreed judgment, Flores expressly reserved the right to appeal from the
order denying his amended plea in bar. 
The agreement provided that A[t]he
parties agree that the following findings and order of the court are
conditioned upon and subject to the upholding of the Court=s
Order of Denial of Respondent-Claimant=s
Plea In Bar heretofore signed and entered by the Court on January 23, 2001,
which is understood [sic] shall be appealed by Respondent-Claimant.@  

 





[3]
The following facts were uncontested at the hearing held on Flores=s
first amended plea in bar on January 31, 2001. 
Some of the evidence was agreed to by the parties and some was
introduced by the State via a witness and/or exhibits admitted.