THREE THOUSAND SIX HUNDRED THIRTY–NINE, DOLLARS ($3,639.00) IN U.S. CURRENCY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–318–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 28, 2003.

---

G. Rudolph Garza, Jr., Corpus Christi, for Appellant.

D. Randolph Booth Jr., Assistant District Attorney, Chief, Asset Forfeiture Division, Kingsville, Mark Skurka, Assistant District Attorney, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Chief Justice ROGELIO VALDEZ.

The State of Texas seized $3,639.00 as contraband from appellant Danny Hernandez. Hernandez argues the trial court should have granted his "plea in bar to dismiss State's forfeiture action" because the State failed to exercise reasonable diligence in procuring the service of citation. We reverse and render.

*Facts and Procedural History*

On September 1, 2000, thirty days after the seizure, the State timely filed the petition and notice of seizure and intended forfeiture and issued the citation for personal service under article 59 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 59.04 (Vernon Supp. 2003). A deputy constable unsuccessfully attempted personal service on September 6 and 7, but was told that appellant was working in Wyoming and might be back in three to four weeks. On September 11, 2000, the deputy constable's affidavit supporting substituted service was filed with the court, and the motion for substituted service was filed by the State on October 26, 2000. TEX.R. CIV. P. 106(b). The same day, the trial court agreed that service by registered mail would be unsuccessful and granted the State's motion. The court ordered service of citation on appellant pursuant to Texas Rule of Civil Procedure 106(b) by leaving a copy of the petition with appellant or with anyone over sixteen years old at the address where appellant could usually be found, or by affixing the citation to the door if no one answers. *Id.*

On November 10, 2000, the State requested the district clerk to issue the citation by posting it at the courthouse door, which the district clerk did not do until November 21, 2000. On January 10, 2001 the appellant filed a plea in bar asserting the State failed to exercise due diligence in securing service of process. At the hearing, the district attorney explained why he posted the service of citation at the court house instead of appellant's home: "I had intended, and should have done it that way. As I said, it would have been easier for me and less expensive, and so I'm used to having to do it by citation by posting, that, really, I did it automatically, without realizing that that's what the order had said." The trial court denied appellant's plea in bar to dismiss the State's forfeiture action on January 23, 2001. On May 4, 2001, the trial court entered an agreed judgment forfeiting the $3,639.00 to the State with appellant reserving the right to bring this appeal.

*Analysis*

In a single issue, appellant argues the case should be dismissed because the State failed to exercise reasonable diligence in procuring the service of citation.

To "commence" the suit, the party bringing suit must, in addition to filing his petition, exercise reasonable diligence in perfecting service. *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970); *see also* TEX.R. CIV. P. 22. Because all cases brought under article 59 of the Texas Code of Criminal Procedure proceed as civil cases, TEX.CODE CRIM. PROC. ANN. art. 59.05(b) (Vernon Supp.2003), and because forfeiture proceedings under article 59 are of a "civil nature," *State v. Rumfolo,* 545 S.W.2d 752, 754 (Tex.1976), the Texas Rules of Civil Procedure apply. *F & H Invs. Inc. v. State,* 55 S.W.3d 663, 668 (Tex.App.-Waco 2001, no pet.). Consequently, reasonable diligence is also required in the service of process for forfeiture cases under article 59. *One 1991 Chevrolet Blazer v. State,* 905 S.W.2d 443, 445 (Tex.App.-Amarillo 1995, no pet.); *see also Ortiz v. State,* 24 S.W.3d 603, 605–06 (Tex.App.-Corpus Christi 2000, no pet.) (finding delay in service of process in a forfeiture case to violate the reasonable-diligence requirement).

Appellant contends the forfeiture proceeding was barred by limitations because he was not served with citation in a timely manner. Appellant argues the evidence was legally insufficient to show the State used due diligence when they served him with service of process.

To determine if evidence is legally sufficient, we consider only the evidence and inferences in the light most favorable to supporting the finding at issue, and disregard contrary evidence and inferences. *$6,453.00 v. State,* 63 S.W.3d 533, 535 (Tex. App.-Waco 2001, no pet.). Evidence is legally insufficient if, among other things, there is evidence supporting the findings, but rules of law or evidence bar the court from giving any weight to the evidence. *Id.* at 535. We therefore look at the record to determine if appellant's plea in bar should have been sustained as a matter of law. *Id.*

■ The time period to commence proceedings for forfeiture cases under article 59 is thirty days. TEX.CODE CRIM. PROC. ANN. art. 59.04(a) (Vernon Supp.2003). The service of process must be within the limitations period. *$6,453.00,* 63 S.W.3d at 536. If, however, the plaintiff exercises due diligence in attempting to procure service in a timely manner, the time of service may be outside the limitations period. *Id.* *See also Rigo,* 458 S.W.2d at 182 (requiring diligence in procuring the issuance and service of citation to toll the running of a statute of limitation).

■ The due diligence must be exercised continuously, *Hansler v. Mainka,* 807 S.W.2d 3, 4 (Tex.App.-Corpus Christi 1991, no writ), that is, until service is obtained, *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.-Corpus Christi 1990, no writ). Whether the plaintiff continuously exercised due diligence in procuring the service of citation is determined from the perspective of an ordinary, prudent person under same or similar circumstances. *$6,453.00,* 63 S.W.3d at 536.

■ Determining diligence is normally a question of fact, but if no excuse is offered or if the lapse of time together with the plaintiff's acts negate diligence, the lack of diligence will be found as a matter of law. *Chevrolet,* 905 S.W.2d at 445. For example, if the plaintiff fails to exhaust all the available alternatives to achieve proper service, lack of diligence will be found as a matter of law. *Roberts v. Padre Island Brewing Co.,* 28 S.W.3d 618, 622 (Tex.App.-Corpus Christi 2000, pet. denied).

■ The State exercised diligence when it issued a citation for service the same day the notice of forfeiture was filed, when it twice attempted personal service, and when it filed a properly supported motion for substituted service. *See Webster v.Thomas,* 5 S.W.3d 287, 289–90 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (stating courts consider both the time taken to serve process and plaintiff's efforts in procuring service in determining due diligence.) However, by requesting the district clerk to post the citation at the courthouse and pursuing service through a less preferred method,[1] the State failed to comply with the trial court's order granting substituted service under Texas Rule of Civil Procedure 106(b). The district attorney for the state explained why he did not comply with the court order, "I did it automatically [posted notice at the court house], without realizing that that's what the order had said." He further added, "it would have been easier and less expensive" to post service of citation on appellant's home. This statement shows a reasonable person under these conditions would have posted service of citation by the court-ordered service of process method. This constitutes a lack of diligence as a matter of law. *See Roberts,* 28 S.W.3d at 622 (citing *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 589 (Tex. App.-Corpus Christi 1994, no writ) (stating

---

1. Citation by publication is a disfavored method of service. *Graves v. Graves,* 916 S.W.2d 65, 68 (Tex.App.-Houston [1st Dist.] 1996, no writ).

that lack of diligence exists as a matter of law where plaintiff's acts clearly negate diligence); *see also Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985) (stating that "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect.")).

We sustain appellant's sole issue and agree that the trial court erred in not finding that the forfeiture proceeding was barred by limitations. *See $6,453.00,* 63 S.W.3d at 537 (finding lack of diligence in State's service of process, and rendering judgment that the State take nothing). Accordingly, we reverse the trial court's judgment and render the judgment that the State take nothing from Hernandez.