NUMBER 13-01-318-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI
-EDINBURG


 


THREE THOUSAND SIX HUNDRED THIRTY-NINE , 
 DOLLARS ($3,639.00) IN U.S. CURRENCY Appellant,

 

v.



THE STATE OF TEXAS , Appellee.

 


On appeal from the 214th District Court 


of Nueces County, Texas.


 


OPINION


 Before Chief Justice Valdez and Justices Yañez and Castillo

 Opinion by Chief Justice Rogelio Valdez


 The State of Texas seized $3,639.00 as contraband from appellant Danny
Hernandez. Hernandez argues the trial court should have granted his "plea in bar to
dismiss State's forfeiture action" because the State failed to exercise reasonable diligence
in procuring the service of citation. We reverse and render.

Facts and Procedural History

 On September 1, 2000, thirty days after the seizure, the State timely filed the
petition and notice of seizure and intended forfeiture and issued the citation for personal
service under article 59 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. art. 59.04 (Vernon Supp. 2003). A deputy constable unsuccessfully attempted
personal service on September 6 and 7, but was told that appellant was working in
Wyoming and might be back in three to four weeks. On September 11, 2000, the deputy
constable's affidavit supporting substituted service was filed with the court, and the motion
for substituted service was filed by the State on October 26, 2000. Tex. R. Civ. P. 106(b). 
The same day, the trial court agreed that service by registered mail would be unsuccessful
and granted the State's motion. The court ordered service of citation on appellant pursuant
to Texas Rule of Civil Procedure 106(b) by leaving a copy of the petition with appellant or
with anyone over sixteen years old at the address where appellant could usually be found,
or by affixing the citation to the door if no one answers. Id. 

 On November 10, 2000, the State requested the district clerk to issue the citation
by posting it at the courthouse door, which the district clerk did not do until November 21,
2000. On January 10, 2001 the appellant filed a plea in bar asserting the State failed to
exercise due diligence in securing service of process. At the hearing, the district attorney
explained why he posted the service of citation at the court house instead of appellant's
home: "I had intended, and should have done it that way. As I said, it would have been
easier for me and less expensive, and so I'm used to having to do it by citation by posting,
that, really, I did it automatically, without realizing that that's what the order had said." The
trial court denied appellant's plea in bar to dismiss the State's forfeiture action on January
23, 2001. On May 4, 2001, the trial court entered an agreed judgment forfeiting the
$3,639.00 to the State with appellant reserving the right to bring this appeal.

Analysis

 In a single issue, appellant argues the case should be dismissed because the State
failed to exercise reasonable diligence in procuring the service of citation. 

 To "commence" the suit, the party bringing suit must, in addition to filing his petition,
exercise reasonable diligence in perfecting service. Rigo Mfg. Co. v. Thomas, 458 S.W.2d
180, 182 (Tex. 1970); see also Tex. R. Civ. P. 22. Because all cases brought under article 
59 of the Texas Code of Criminal Procedure proceed as civil cases, Tex. Code Crim.
Proc. Ann. art. 59.05(b) (Vernon Supp. 2003), and because forfeiture proceedings under
article 59 are of a "civil nature," State v. Rumfolo, 545 S.W.2d 752, 754 (Tex. 1976), the
Texas Rules of Civil Procedure apply. F & H Invs. Inc. v. State, 55 S.W.3d 663, 668 (Tex.
App.-Waco 2001, no pet.). Consequently, reasonable diligence is also required in the
service of process for forfeiture cases under article 59. One 1991 Chevrolet Blazer v.
State, 905 S.W.2d 443, 445 (Tex. App.-Amarillo 1995, no pet.); see also Ortiz v. State, 24
S.W.3d 603, 605 - 06 (Tex. App.-Corpus Christi 2000, no pet.) (finding delay in service of
process in a forfeiture case to violate the reasonable-diligence requirement).

 Appellant contends the forfeiture proceeding was barred by limitations because he
was not served with citation in a timely manner. Appellant argues the evidence was legally
insufficient to show the State used due diligence when they served him with service of
process. 

 To determine if evidence is legally sufficient, we consider only the evidence and
inferences in the light most favorable to supporting the finding at issue, and disregard
contrary evidence and inferences. $6,453.00 v. State, 63 S.W.3d 533, 535 (Tex.
App.-Waco 2001, no pet.). Evidence is legally insufficient if, among other things, there is
evidence supporting the findings, but rules of law or evidence bar the court from giving any
weight to the evidence. Id. at 535. We therefore look at the record to determine if
appellant's plea in bar should have been sustained as a matter of law. Id. 

 The time period to commence proceedings for forfeiture cases under article 59 is
thirty days. Tex. Code Crim. Proc. Ann. art. 59.04(a) (Vernon Supp. 2003). The service
of process must be within the limitations period. $6,453.00, 63 S.W.3d at 536. If,
however, the plaintiff exercises due diligence in attempting to procure service in a timely
manner, the time of service may be outside the limitations period. Id. See also Rigo, 458
S.W.2d at 182 (requiring diligence in procuring the issuance and service of citation to toll
the running of a statute of limitation). 

 The due diligence must be exercised continuously, Hansler v. Mainka, 807 S.W.2d
3, 4 (Tex. App.-Corpus Christi 1991, no writ), that is, until service is obtained, Martinez v.
Becerra, 797 S.W.2d 283, 284 (Tex. App.-Corpus Christi 1990, no writ). Whether the
plaintiff continuously exercised due diligence in procuring the service of citation is
determined from the perspective of an ordinary, prudent person under same or similar
circumstances. $6,453.00, 63 S.W.3d at 536. 

 Determining diligence is normally a question of fact, but if no excuse is offered or
if the lapse of time together with the plaintiff's acts negate diligence, the lack of diligence
will be found as a matter of law. Chevrolet, 905 S.W.2d at 445. For example, if the plaintiff
fails to exhaust all the available alternatives to achieve proper service, lack of diligence will
be found as a matter of law. Roberts v. Padre Island Brewing Co., 28 S.W.3d 618, 622
(Tex. App.-Corpus Christi 2000, pet. denied). 

 The State exercised diligence when it issued a citation for service the same day the
notice of forfeiture was filed, when it twice attempted personal service, and when it filed a
properly supported motion for substituted service. See Webster v.Thomas, 5 S.W.3d 287,
289-90 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (stating courts consider both the
time taken to serve process and plaintiff's efforts in procuring service in determining due
diligence.) However, by requesting the district clerk to post the citation at the courthouse 
and pursuing service through a less preferred method, (1) the State failed to comply with the
trial court's order granting substituted service under Texas Rule of Civil Procedure 106(b). 
The district attorney for the state explained why he did not comply with the court order, "I
did it automatically [posted notice at the court house], without realizing that that's what the
order had said." He further added, "it would have been easier and less expensive" to post
service of citation on appellant's home. This statement shows a reasonable person under
these conditions would have posted service of citation by the court-ordered service of
process method. This constitutes a lack of diligence as a matter of law. See Roberts, 28
S.W.3d at 622 (citing Gonzalez v. Phonenix Frozen Foods, Inc., 884 S.W.2d 587, 589
(Tex. App.-Corpus Christi 1994, no writ) (stating that lack of diligence exists as a matter
of law where plaintiff's acts clearly negate diligence); see also Uvalde Country Club v.
Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985) (stating that "failure to
affirmatively show strict compliance with the Rules of Civil Procedure renders the
attempted service of process invalid and of no effect.")). 

 We sustain appellant's sole issue and agree that the trial court erred in not finding
that the forfeiture proceeding was barred by limitations. See $6,453.00, 63 S.W.3d at 537
(finding lack of diligence in State's service of process, and rendering judgment that the
State take nothing). Accordingly, we reverse the trial court's judgment and render the
judgment that the State take nothing from Hernandez.

 

 ROGELIO VALDEZ

 Chief Justice

 

 

 

Opinion delivered and filed

this 28th day of August, 2003.



 
1. Citation by publication is a disfavored method of service. Graves v. Graves, 916 S.W.2d 65, 68
(Tex. App.-Houston [1st Dist.] 1996, no writ).