Opinion issued May 5, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00778-CV




TED LEE WRIGHT, EVAN H. LOWENSTEIN AND STERLING BANK,
Appellants

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 953035




MEMORANDUM OPINION
          Appellants, Ted Lee Wright, Evan H. Lowenstein, and Sterling Bank appeal
the trial court’s final judgment ordering certain property forfeited to the State.
Pursuant to a warrant issued by the trial court, the property subject to the forfeiture
proceeding was seized by the State as illegal gambling devices, gambling equipment,
and gambling proceeds. Appellants present the following three issues on appeal: (1)
that appellant Lowenstein was not provided notice of the forfeiture in violation of his
rights under the Fourth and Fourteenth Amendments of the U.S. Constitution, (2) that
article 18.18 of the Texas Code of Criminal Procedure’s notice provisions and 20-day
deadline for a party claiming an interest to appear before the magistrate to contest the
forfeiture are unconstitutional, either facially or as applied, and (3) that the notice of
forfeiture provided to Wright was inadequate and was not provided by the magistrate
as required by article 18.18. We affirm.
BACKGROUND
          On June 18, 2002, the Houston Police Department (“HPD”), executed a search
and seizure warrant on the business, Magical Chances, and seized gambling
equipment, gambling devices, and gambling proceeds (the “property”). It is
uncontested that Wright was the person in possession of the property at the time it
was seized. Appellants assert that Lowenstein was the owner of the property,


 and
that Sterling Bank had a security interest in the property. 
          On June 24, 2003, the State filed its original petition for forfeiture, which
named Wright as the person entitled to notice and listed the address for notice as the
physical address of Magical Chances. Attached to the State’s petition was a notice
of forfeiture, prepared by the State, that did not recite the name of the person in
possession of the property and was signed by the State’s counsel and not a magistrate. 
The notice was addressed as follows: “TO ALL PERSONS CLAIMING AN
INTEREST IN CERTAIN SEIZED PROCEEDS, EQUIPMENT, AND DEVICES.” 
Attorney Steven R. Rosen accepted service of process for Wright on August 19, 2003
and filed an answer for Wright on August 25, 2003. 
          Wright was served with discovery requests, including a request for admissions,
on December 29, 2003. Pursuant to Rule 11 agreements, the deadline for Wright’s
response to the State’s discovery requests was extended until February 17, 2004 and
extended again until February 24, 2004. Ten days after the twice-extended deadline,
on March 5, 2004, Wright responded to the State’s discovery requests, and he
amended his untimely responses on March 8, 2004. 
          Lowenstein filed his plea in intervention on March 11, 2004, and Sterling Bank
filed its plea in intervention on March 15, 2004.


 Both Lowenstein and Sterling Bank
were also represented by attorney Steven Rosen. On March 15, 2004, Wright filed
a motion to “strike” any admissions deemed by his failure to timely respond to the
State’s request for admissions.  
          On April 2, 2004, the trial court conducted a show cause hearing on the
forfeiture. Attorneys Steven Rosen and Paul Rosen appeared at the hearing,
announcing to the trial court that they represented all appellants. Appellants’
attorneys informed the trial court that appellants no longer contested the fact that the
property consisted of gambling devices, gambling equipment, and gambling proceeds. 
Appellants argued instead that notice of forfeiture was not properly provided. The
trial court overruled appellants’ objection to the notice. The trial court, finding that
probable cause existed for the search and seizure warrant and that the property
consisted of gambling equipment, devices, and proceeds, ordered the property
forfeited. DISCUSSION
          We begin by noting that appellants admitted at the show cause hearing that the
property was subject to forfeiture as gambling equipment and devices. The State’s
initial burden under article 18.18 is satisfied when the State establishes probable cause
for seizing the property. Hardy v. State, 102 S.W.3d 123, 129 (Tex. 2003). The
burden then shifts to the claimant to prove that the property is not subject to forfeiture
as gambling equipment, gambling devices, or gambling proceeds. Id. Appellants
admitted at the show cause hearing that they were unable to carry this burden.


 
          None of appellants’ issues addresses the merits of the forfeiture; all three of
appellants’ issues deal only with the question of notice. The State argues that
appellants’ complaints regarding notice were waived because each appellant made
multiple appearances in the case by filing pleadings and by asserting their claims
during the show cause hearing. We agree with the State.
Article 18.18
          The Texas Supreme Court recently described the forfeiture proceedings under
article 18.18(b) as follows:
A civil forfeiture proceeding under chapter 18 of the Texas Code of
Criminal Procedure is an in rem procedure. Thus, it is a proceeding
against the property itself, not against the owner, and does not involve
the conviction of the owner or possessor of the property seized. A
forfeiture proceeding begins when the State presents an affidavit to a
magistrate and ends after a show cause hearing in which the magistrate
determines whether the seized property should be destroyed or forfeited. 
In order to initiate a forfeiture proceeding, the State must obtain a search
warrant based on a sworn affidavit averring sufficient facts to satisfy the
issuing magistrate that probable cause does in fact exist for its issuance.
 
Hardy, 102 S.W.3d at 126-27 (internal citations and quotation marks omitted). In
Hardy, the supreme court held that once State established that probable cause existed
for the seizure, parties claiming an interest had the burden to prove that the property
seized was not gambling equipment. Id. at 128. The relevant portions of article 18.18
read as follows:
          (b) If there is no prosecution or conviction following seizure, the
magistrate to whom the return was made shall notify in writing the
person found in possession of the alleged gambling device or
equipment, altered gambling equipment or gambling paraphernalia,
gambling proceeds, prohibited weapon, obscene device or material,
scanning device or re-encoder, criminal instrument, or dog-fighting
equipment to show cause why the property seized should not be
destroyed or the proceeds forfeited. The magistrate, on the motion of
the law enforcement agency seizing a prohibited weapon, shall order the
weapon destroyed or forfeited to the law enforcement agency seizing the
weapon, unless a person shows cause as to why the prohibited weapon
should not be destroyed or forfeited. A law enforcement agency shall
make a motion under this section in a timely manner after the time at
which the agency is informed in writing by the attorney representing the
state that no prosecution will arise from the seizure.
 
          (c) The magistrate shall include in the notice a detailed
description of the property seized and the total amount of alleged
gambling proceeds; the name of the person found in possession; the
address where the property or proceeds were seized; and the date and
time of the seizure.
 
          (d) The magistrate shall send the notice by registered or certified
mail, return receipt requested, to the person found in possession at the
address where the property or proceeds were seized. If no one was
found in possession, or the possessor’s address is unknown, the
magistrate shall post the notice on the courthouse door.
 
          (e) Any person interested in the alleged gambling device or
equipment, altered gambling equipment or gambling paraphernalia,
gambling proceeds, prohibited weapon, obscene device or material,
scanning device or re-encoder, criminal instrument, or dog-fighting
equipment seized must appear before the magistrate on the 20th day
following the date the notice was mailed or posted. Failure to timely
appear forfeits any interest the person may have in the property or
proceeds seized, and no person after failing to timely appear may contest
destruction or forfeiture.
 
          (f) If a person timely appears to show cause why the property or
proceeds should not be destroyed or forfeited, the magistrate shall
conduct a hearing on the issue and determine the nature of property or
proceeds and the person’s interest therein. Unless the person proves by
a preponderance of the evidence that the property or proceeds is not
gambling equipment, altered gambling equipment, gambling
paraphernalia, gambling device, gambling proceeds, prohibited weapon,
obscene device or material, criminal instrument, scanning device or
re-encoder, or dog-fighting equipment and that he is entitled to
possession, the magistrate shall dispose of the property or proceeds in
accordance with Paragraph (a) of this article.
 
Tex. Code Crim. Proc. Ann. art. 18.18 (Vernon Supp. 2004-2005).
Notice to Wright and Lowenstein
          In their first and third issues, appellants complain that Wright and Lowenstein
were not given notice of the foreclosure hearing. Wright and Lowenstein waived any
complaint regarding notice by their filing answers, or pleas in intervention, and by
appearing and asserting their claims at the show cause hearing.


 See Tex. R. Civ. P.
121; $6453.00 v. State, 63 S.W.3d 533, 535-36 (Tex. App.—Waco 2001, no pet.)
(applying analysis of complaint about service of process to complaint about required
statutory notice for forfeiture of contraband under chapter 59 of the Texas Code of
Criminal Procedure); cf. Rose v. Rose, 117 S.W.3d 84, 87 (Tex. App.—Waco 2003,
no pet.) (noting that defendant may waive service by filing answer); Alcala v.
Williams, 908 S.W.2d 54, 56 (Tex. App.—San Antonio 1995, no pet.) (holding that
appellee’s participation in hearings qualified as general appearance waiving any
complaint in service); Schulz v. Schulz, 726 S.W.2d 256, 258 (Tex. App.—Austin
1987, no writ) (holding that complaint of defect in service was waived because
appellee filed pleas in abatement and appeared in person). We overrule appellants’
first and third issues.
Constitutionality of notice provisions of article 18.18
          In their second issue, appellants assert that their constitutional rights to due
process were violated by the notice provisions of article 18.18 and by the 20-day
appearance deadline. Neither Lowenstein nor Sterling Bank was denied the
opportunity to argue the merits of their claims at the show cause hearing and 
appellants waived any complaints regarding notice; thus, we need not address these
claims.


 
          We overrule appellants’ second issue.
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.