

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00177-CV
_____

ANTHONY GOINGS AND 2004 CADILLAC CTS SEDAN,
TEXAS LICENSE PLATE CK2V636 VIN #1G6DM577840147293, APPELLANTS

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 12-11-06723; Honorable Carter T. Schildknecht, Presiding

October 20, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Anthony Goings, brings this appeal challenging the trial court's judgment ordering forfeiture of his 2004 Cadillac CTS Sedan, Texas License Plate CK2V636, VIN #1G6DM577840147293. By issues one and two, Goings asserts the trial court erred in denying his plea in bar asserting the affirmative defense of limitations because (1) the State failed to commence suit by both filing notice and exercising due

diligence in perfecting service within thirty days of seizure of the property and (2) the State did not exercise due diligence as a matter of law. By issue three, Goings argues the law detests forfeiture, and statutes permitting them should be strictly construed against forfeiture and by his fourth issue, he maintains his general appearance did not waive the limitations defense because it was entered after limitations had run. Finding the State's forfeiture claim to be barred by limitations, we reverse and render.

BACKGROUND

On October 16, 2012, following a report of a suspicious vehicle at a residence, a Garza County Deputy was dispatched and discovered the residence had been burglarized. Law enforcement agencies were notified that the suspected vehicle was a silver Cadillac. The next morning a Cadillac matching that description was located at a motel and a search revealed receipts bearing the name "Anthony Goings" as well as property from other burglaries. Goings, a guest at the motel, was arrested and the Cadillac was seized.

Inside the Cadillac was a "Nebraska Vehicle Purchase Contract," a bill of sale and a Nebraska Certificate of Title showing Goings paid $6,000 for a 2004 Cadillac CTS the previous month in Hastings, Nebraska. Twenty-eight days after the seizure, on November 14, 2012, the State filed *Plaintiff's Original Notice of Seizure and Intended Forfeiture* supported by a deputy's sworn affidavit. On November 15th, despite the fact that Goings was in custody at the Garza County Jail, the State sought to serve him by certified mail at a residential street address in Kenesaw, Nebraska. That attempted service was returned to sender. On December 6th, the State made a second attempt to

2

serve Goings by certified mail addressed to a post office box in Kenesaw. At that time, Goings still remained incarcerated in Garza County. The second attempted citation was also returned to sender.

By an amended answer filed on February 15, 2013,[1] Goings raised limitations as an affirmative defense and asserted the State failed to comply with article 59.04(a) of the Texas Code of Criminal Procedure. He maintained the State did not serve him within the statutory thirty-day limitations period, and because the State knew exactly where he was at all times relevant to his limitations claim, it did not exercise due diligence in attempting to serve him in a timely manner. On March 18, 2013, Goings reiterated his affirmative defense of limitations by filing his plea in bar. Thereafter, on April 12, 2013, the State obtained personal service of process on Goings at the Garza County Jail.

At a contested hearing, the State's explanation for the delay in service was a "100% change in official personnel in the District Attorney's office and the Sheriff's Office following the November [2012] elections." The trial court denied Goings's plea in bar and proceeded with the forfeiture proceeding. The State presented evidence to show Goings's vehicle was used in criminal activity and therefore subject to forfeiture. Goings did not present any witnesses. Based on the State's case, the trial court found sufficient evidence that the 2004 Cadillac CTS Sedan was used in the performance of criminal activity and thus subject to seizure and forfeiture. This appeal resulted from the trial court's ruling.

---

[1] Goings's original answer was filed on February 7, 2013.

Chapter 59 of the Texas Code of Criminal Procedure prescribes the procedures governing civil forfeitures. TEX. CODE CRIM. PROC. ANN. art. 59.05 (a), (b) (West 2006); *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004) (per curiam). A civil forfeiture action is an *in rem* proceeding against contraband. *Silver Chevrolet Pickup*, 140 S.W.3d at 692. Contraband is property used or intended to be used in the commission of certain felonies or proceeds derived from those felonies. Art. 59.01(2) (West Supp. 2014); *Silver Chevrolet Pickup*, 140 S.W.3d at 692. The State has the burden of proving by a preponderance of the evidence that property is subject to forfeiture. Art. 59.05(b).

Chapter 59 authorizes the State to commence a forfeiture proceeding by filing its notice of seizure and intended forfeiture and by perfecting service of process in the same manner as provided in civil cases. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04 (b) (West Supp. 2014). The State has a limitations period of thirty days after seizure in which to commence forfeiture. *Id.* at (a) (emphasis added).

A civil forfeiture proceeding commences with the filing of a petition. TEX. R. CIV. P. 22. However, to satisfy the requirement that a forfeiture proceeding be commenced within the applicable limitations period, the State must not only file the lawsuit within that period, it must also serve process on the defendant within the same period. *$6,453.00 v. State*, 63 S.W.3d 533, 536 (Tex. App.—Waco 2001, no pet.). Service of process may, however, be completed after the limitations period if the plaintiff exercises "due diligence" in attempting to procure service in a timely manner. *Gant v. DeLeon*, 786

4

S.W.2d 259, 260 (Tex. 1990). When the State exercises due diligence, the date of service relates back to the date of filing the petition. *Id.*

There is no bright-line rule to determine due diligence. In the context of a forfeiture proceeding, the test for due diligence is whether the State (1) acted as an ordinary prudent person would have under the same circumstances and (2) remained diligent up until the defendant was served. *See $6,453.00,* 63 S.W.3d at 536. *See also Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.—Dallas 2001, no pet.). Extended periods of time in which no attempts at service are made, which are unexplained, show a lack of due diligence as a matter of law. *$6,453.00*, 63 S.W.3d at 536; *One 1991 Chevrolet Blazer v. State*, 905 S.W.2d 443, 445 (Tex. App.—Amarillo 1995, no pet.) (holding that if no excuse for lack of timely service is offered or the time that passed between the filing of the suit and the State's actions negates the possibility that reasonable diligence existed, lack of diligence will be found as matter of law).

ANALYSIS

By his first two issues, Goings contends (1) the State failed to commence suit by both filing notice and exercising due diligence in perfecting service within thirty days of seizure of the property and (2) its efforts to obtain service of process do not constitute the exercise of due diligence as a matter of law. We agree.

The State raises a *jurisdictional* issue based on Goings's general appearance when he filed his original answer on February 7, 2013.[2] This argument fails because a

---

[2] Notwithstanding the State's arguments to the contrary, jurisdiction is not the issue in this case. The issue is whether the State's claims are barred by limitations.

party's general appearance does not waive a limitations defense when the appearance occurs after the limitations period has run and the plaintiff has not exercised due diligence in serving the defendant. *$24,156.00 in United States Currency v. State*, 247 S.W.3d 739, 747 (Tex. App.—Texarkana 2008, no pet.). Because Goings's appearance was made after the date limitations ran, the question remains, did the State exercise due diligence in seeking service of process?

Here, the State seized the 2004 Cadillac owned by Goings on October 17, 2012. On November 14th, twenty-eight days after the date of seizure and two days before expiration of the limitations period, the State commenced forfeiture proceedings by filing its notice of seizure and intended forfeiture. Notwithstanding the fact that the State knew or should have known exactly where Goings was (after all he was incarcerated in the Garza County Jail), it made two failed attempts to serve Goings by certified mail. After Goings's plea in bar was filed, the State finally obtained personal service of process on April 12, 2013, 149 days after the suit was filed.

In the underlying case, the trial court took judicial notice of the proceedings. The documents contained in the court's file established that Goings was not served within the thirty-day limitations period. The burden then shifted to the State to show due diligence was exercised in attempting to serve Goings within the limitations period. *$6,453.00*, 63 S.W.3d at 536.

In its brief, the State admits it "did not address the issue of diligence in its attempts to perfect service at the contested hearing because it was not appropriate or necessary to the Court's ruling." Accordingly, by the State's own admission, there is no

6

evidence of any due diligence in the record. Consequently, lack of diligence existed as a matter of law and the trial court erred in denying Goings's plea in bar. *See One 1991 Chevrolet Blazer*, 905 S.W.2d at 445 (holding lack of diligence as a matter of law where no substantive excuse for the lack of timely service was offered and 140 days had lapsed between filing suit and actual service). Without a showing of due diligence, there can be no "relation back" to the filing of the petition on November 14, 2012. Consequently, we conclude limitations bars the State's forfeiture of property in this case. Issues one and two are sustained.

CONCLUSION

Our disposition of issues one and two pretermits consideration of issues three and four. TEX. R. APP. P. 47.1. We reverse the trial court's judgment ordering forfeiture of Goings's 2004 Cadillac CTS Sedan, Texas License Plate CK2V636 VIN #1G6DM577840147293 and render judgment that the State take nothing in the underlying forfeiture proceeding.

Patrick A. Pirtle
Justice